[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 12, 2011
JOHN LEY
CLERK

No. 10-13279

D.C. Docket No. 8:10-cr-00055-SCB-EAJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EMILIANO RAMIREZ-GARCIA

Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Florida

(July 12, 2011)

Before HULL and BLACK, Circuit Judges, and HUCK,[*] District Judge

HUCK, District Judge:

---

[*]Honorable Paul C. Huck, United States District Judge for the Southern District of Florida, sitting by designation.

Appellant Emiliano Ramirez-Garcia challenges the district court's decision to impose a 16-level enhancement to his base level offense score pursuant to U.S. Sentencing Guideline ("USSG") § 2L1.2(b)(1)(A). The district court based the enhancement on its finding that the North Carolina statute under which Ramirez-Garcia previously was convicted, N.C. Gen. Stat. § 14-202.1, constituted "sexual abuse of a minor" and, thus, was a "crime of violence" pursuant to the Sentencing Guidelines. For the reasons discussed below, the Court affirms the judgment of the district court.

I.

The facts material to this appeal are undisputed. Ramirez-Garcia, a Mexican citizen, illegally entered the United States in May 2000. In 2002, Ramirez-Garcia was arrested in North Carolina and charged with two counts of statutory rape and two counts of taking indecent liberties with a child. The latter charges were brought pursuant to N.C. Gen. Stat. § 14-202.1, which states:

> (a) A person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he either:
> > (1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire; or
> > (2) Willfully commits or attempts to commit any lewd or lascivious act upon or with the body or any

2

part or member of the body of any child of either sex under the age of 16 years.

Ramirez-Garcia pled guilty to the two counts of taking indecent liberties with a child, receiving a sentence of two consecutive terms of 20–24 months. The record does not reveal how Ramirez-Garcia violated § 14-202.1. The indictments for the two charges were identical, except for the case numbers, and read as follows:

> The jurors for the State upon their oath present that on or about the date of offense shown and in the county named above the defendant named above unlawfully, willfully, and feloniously did take and attempt to take immoral, improper, and indecent liberties with the child named below for the purpose of arousing and gratifying sexual desire *and* did commit and attempt to commit a lewd and lascivious act upon the body of the child named below. At the time of this offense, the child named below was under the age of 16 years and the defendant named above was over 16 years of age and at least five years older than the child. The name of the child is (name redacted).

(emphasis added). The Transcript of Plea—which is a form, not an actual transcript—and the Judgement and Commitment forms indicate that Ramirez-Garcia pled guilty to taking indecent liberties with a child, without specifying whether Ramirez-Garcia's actions violated the first or second prong of N.C. Gen. Stat. § 14-202.1(a). The Transcript of Plea reveals that the State dismissed the statutory rape charges in exchange for Ramirez-Garcia's guilty pleas to taking indecent liberties

3

with a child.  In 2005, upon his release from prison, immigration authorities deported Ramirez-Garcia to Mexico.

In 2007, Ramirez-Garcia illegally reentered the United States.  Immigration authorities arrested him in Hillsborough County, Florida in January 2010.  In connection with that arrest, Ramirez-Garcia pled guilty to being an alien found in the United States after having been convicted of aggravated felonies and deported, pursuant to 8 U.S.C. §§ 1326(a) and (b)(2).  The parties agreed that the issue of Ramirez-Garcia's prior North Carolina convictions would be addressed at sentencing.

Prior to the sentencing hearing, the United States Probation Office determined that Ramirez-Garcia's base level offense score under the guidelines was 8, pursuant to USSG § 2L1.2.  Ramirez-Garcia did not contest that calculation.  He did, however, object to the Probation Office's recommendation that the court impose a 16-level enhancement pursuant to USSG § 2L1.2(b)(1)(A).  The Probation Office reasoned that Ramirez-Garcia's prior convictions for taking indecent liberties with a child were "crimes of violence"[1] pursuant to the Sentencing Guidelines because they involved

---

[1] Starting with a base level offense score of 8, USSG § 2L1.2(b)(1) requires that

> If the defendant previously was deported, or unlawfully remained
> in the United States, after–
>    (A) a conviction for a felony that is (i) a drug trafficking
>        offense for which the sentence imposed exceeded 13
>        months; (ii) a crime of violence; (iii) a firearms offense;
>        (iv) a child pornography offense; (v) a national security or

"sexual abuse of a minor."[2]    Combined with reductions for acceptance of responsibility, the Probation Office calculated that Ramirez-Garcia's total offense level was 21.

Ramirez-Garcia objected to the Probation Office's recommendation, arguing that the North Carolina offense of taking indecent liberties with a child encompassed acts not included in the definition of "sexual abuse of a minor." The Probation Office rejected that argument and submitted its findings and recommendations to the district court. The district court held a sentencing hearing, at which Ramirez-Garcia repeated his assertion that the North Carolina convictions were not "crimes of violence" because they did not constitute "sexual abuse of a minor."

---

> terrorism offense; (vi) a human trafficking offense; or (vii) an alien smuggling offense, increase by 16 levels . . . .

(emphasis added).

[2] The Application Notes to Subsection (b)(1) defines "crime of violence" as

> any of the following offenses under federal, state, or local law: Murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, <u>sexual abuse of a minor</u>, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

(emphasis added).

5

The two sides also disputed whether the records available to the district court demonstrated that Ramirez-Garcia pled guilty to both prongs, (a)(1) and (a)(2), of the North Carolina offense of "taking indecent liberties with a child." See N.C. Gen. Stat. § 14-202.1(a). The Shepard-approved[3] documents from the North Carolina conviction, to which Ramirez-Garcia did not object, comprise the two indictments, a form Transcript of Plea, and a Judgment and Commitment for each case. On its face, no document affirmatively indicates whether Ramirez-Garcia pled guilty to one or both of the prongs of § 14-202.1(a).[4] The documents also do not supply any specific factual information regarding the grounds for the convictions.

The district court concluded that the North Carolina offense was "a similar crime" to sexual abuse of a minor. The district court also determined that because the documents indicated that Ramirez-Garcia had "pled to the entire statute" it was proper for the district court to find that Ramirez-Garcia had "used, attempted to use, or threatened use of physical force against another," see Application Notes to USSG § 2L1.2(b)(1), pursuant to the second prong of the North Carolina statute. See N.C.

---

[3] Shepard v. United States, 544 U.S. 13 (2005).

[4] Although the use of "and" in the indictments seems to indicate Ramirez-Garcia pled guilty to both prongs of § 14-202.1(a), we need not decide this issue because a violation of either prong constitutes "sexual abuse of a minor" as discussed herein.

6

Gen. Stat. § 14-202.1(a)(2).[5]  Thus, the district found that the 16-level sentencing enhancement was appropriate.

## II.

The Court reviews <u>de novo</u> whether a defendant's conviction qualifies as a "crime of violence" under the Sentencing Guidelines.   <u>United States v. Palomino Garcia</u>, 606 F.3d 1317, 1326 (11th Cir. 2010).

The Court has held that "sexual abuse of a minor," as referenced in § 2L1.2 of the Sentencing Guidelines, is "a perpetrator's physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification." <u>Padilla-Reyes v. United States</u>, 247 F.3d 1158, 1163 (11th Cir. 2001).  In <u>Padilla-Reyes</u>, the Eleventh Circuit defined "sexual abuse of a minor" using <u>Webster's Third New International Dictionary</u> and <u>Black's Law Dictionary</u> in order to give the words their plain meaning that comports with common usage.  The Court focused on "the perpetrator's intent in committing the abuse[,] . . . to seek libidinal gratification." 247 F.3d at 1163.[6]  The Court noted that the plain meaning of "abuse" includes "acts that

---

[5]  The Government does not argue on appeal that N.C. Gen. Stat. § 14-202.1 has as an element the use, attempted use, or threatened use of physical force.

[6] Other circuits, too, subscribe to purpose-centric definitions of  "sexual abuse of a minor."  <u>See</u> <u>United States v. Sonnenberg</u>, 556 F.3d 667, 671 (8th Cir. 2009) ("find[ing] instructive" the <u>Padilla-Reyes</u> definition of sexual abuse of a minor); <u>United States v. Izaguirre-</u>

involve physical contact between the perpetrator and the victim and acts that do not."

Id.

Ramirez-Garcia urges the Court to reconsider the definition of "sexual abuse of a minor" that it formulated in Padilla-Reyes. Ramirez-Garcia asserts that, in Padilla-Reyes, the Court failed to derive a generic, contemporary definition of "sexual abuse of a minor," as required by the Supreme Court in Taylor v. United States, 495 U.S. 575 (1990). Ramirez-Garcia contends we must look to "definitions of the [enumerated offense] adopted in the various states, criminal law treatises, and the Model Penal Code to formulate a generic, contemporary definition of the crime." See Palomino Garcia, 606 F.3d at 1327–28 (describing the Supreme Court's process in

---

Flores, 405 F.3d 270, 271 (5th Cir. 2005) (concluding that a violation of N.C. Gen. Stat. § 14-202.1(a)(1) constituted "sexual abuse of a minor" because "[g]ratifying or arousing one's sexual desires in the actual or constructive presence of a child is sexual abuse of a minor"). Likewise, the Fourth Circuit has stated "[t]he clear focus of the phrase is on the intent of the abuser—sexual gratification—not on the effect on the abused. However one styles it, 'sexual abuse' is an intent-centered phrase; the misuse of the child for sexual purposes completes the abusive act." Diaz-Ibarra, 522 F.3d at 350. The Fourth Circuit further explained that whether the child suffered "injury" was not relevant to the definition of "abuse" because "once a defendant misuses the minor with the intent to achieve sexual gratification, the act of abuse is complete, irrespective of whether the minor suffered some physical or psychological injury." Id. An injury-focused model could allow perpetrators to avoid a sentencing enhancement "simply because they chose to commit their sexually-exploitative act in the presence of or to a child too young to understand the nature of the defendant's perverted act, and thus perhaps too young to suffer some psychological injury." Id. at 351. The Diaz-Ibarra court characterized that result as one that "is more than just anomalous; it is absurd." *Id*.

8

Taylor for deriving a generic definition of the traditional, common-law offense of burglary).

When determining whether a prior conviction qualifies as an enumerated offense listed in the Sentencing Guidelines, the Supreme Court prescribes that courts use a categorical approach to determine whether the convicted crime falls within the generic, federal definition of the enumerated offense. Taylor, 495 U.S. at 598–602. The Court accomplishes this formal categorical approach by "looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." Id. at 600. If the scope of acts criminalized by the statutory definition of the prior offense is broader than the generic definition of the enumerated offense, then, under the categorical approach, the prior conviction does not fall within the enumerated offense. In limited circumstances, however, the Court may take a modified categorical approach to determine "whether a plea of guilty to [an enumerated offense] defined by a nongeneric statute necessarily admitted elements of the generic offense" by looking only to "the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." Shepard v. United States, 544 U.S. 13, 26 (2005).

Ramirez-Garcia's assertion that the Padilla-Reyes court failed to properly formulate a generic definition of "sexual abuse of a minor" is incorrect. While courts should consult state definitions, treatises, and the Model Penal Code when deriving a generic definition of traditional, common law offenses like burglary and aggravated assault, the present case involves "sexual abuse of a minor," which is a non-traditional offense. United States v. Baza-Martinez, 464 F.3d 1010, 1015 (9th Cir. 2006).[7] For offenses not developed in the common law, courts define a generic offense based on "'the ordinary, contemporary, and common meaning' of the statutory words[,]" which involves "coupl[ing] the dictionary definition of 'abuse' with the common understanding of 'sexual' and 'minor.'" Id. (internal citations omitted); United States v. Lopez-Solis, 447 F.3d 1201, 1206–07 (9th Cir. 2006).[8]

---

[7] In Baza-Martinez, the Ninth Circuit considered the issue before us and reached a contrary result, concluding the North Carolina statute was broader than the generic definition of "sexual abuse of a minor" because it "focuses on improper motivation rather than 'conduct that is abusive,' such as psychological or physical harm." 464 F.3d at 1016–17 (internal citation omitted). However, the Ninth Circuit has also stated that "[t]he use of young children for the gratification of sexual desire constitutes an abuse . . . [that] constitutes maltreatment, no matter its form." United States v. Baron-Medina, 187 F.3d 1144, 1147 (9th Cir. 1999).

[8] This is not a matter of "underestimat[ing] the talents and industry of district judges" to formulate a generic definition based on states' definitions of sexual abuse of a minor, treatises, and the Model Penal Code. Palomino Garcia, 606 F.3d at 1329. Ramirez-Garcia directs the Court to numerous state offenses that arguably are related to sexual abuse of minors; however, the variation in the state offenses is overwhelming. While some states choose to punish only physical contact with minors, others punish a substantial range of non-physical acts toward minors, and while some require a perpetrator's physical presence in front of a minor, others also punish remote acts and communications. This is dissimilar to the issue that the Supreme Court faced in Taylor, where it arrived on a generic, federal definition of burglary based on many

10

Other circuits have taken this approach when defining the phrase "sexual abuse of a minor" as used in the Sentencing Guidelines. See, e.g., United States v. Sonnenberg, 556 F.3d 667, 670 (8th Cir. 2009); United States v. Diaz-Ibarra, 522 F.3d 343, 349 (4th Cir. 2008); United States v. Izaguirre-Flores, 405 F.3d 270, 275 (5th Cir. 2005). In Padilla-Reyes, our Court implemented this same approach, relying on dictionary definitions to give the words in "sexual abuse of a minor" a plain meaning that comports with common usage. 247 F.3d at 1163.[9] Ramirez-Garcia cites no authority indicating that this Court may reexamine Padilla-Reyes and redefine "sexual abuse of a minor" utilizing the analysis employed for traditional, common law offenses such as assault and burglary. Importantly, Ramirez-Garcia cannot cite any authority that enables this Court to overturn Padilla-Reyes, which is binding precedent, except upon

---

relatively-similar state definitions of burglary. In Taylor, the primary difficulty was that some states' definitions of burglary included actions taken toward boats, cars, and stores, in addition those actions toward homes. See 495 U.S. at 2154. Thus, in Taylor, the baseline conduct was the same, while here it is not. The complication involved in formulating a generic definition of "sexual abuse of a minor" based on definitions from the states' statutes and other sources would prove overwhelming, if not an impossibly inaccurate process.

[9] In applying the Padilla-Reyes definition to a case involving Fla. Stat. § 800.04(1), the Court recently noted that "Padilla-Reyes may not have fully defined the contours of the generic offense of 'sexual abuse of a minor' to the extent necessary to resolve cases involving offenses under [statutes other than the Florida statute]." United States v. Casillas-Cantero, No. 10-14238, 2011 WL 1834268, at *2 n.2 (11th Cir. May 13, 2011) (per curiam). While the Padilla-Reyes court did indeed formulate a generic definition of "sexual abuse of a minor," the Casillas-Cantero court rightly notes that Padilla-Reyes did not determine application of that definition to all state statutes other than the Florida statute.

11

en banc review or reversal by the Supreme Court. See United States v. Vega-Castillo, 540 F.3d 1235, 1236 (11th Cir. 2008).

Having determined in Padilla-Reyes that "sexual abuse of a minor" is "a perpetrator's physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification," the Court need only ensure that the scope of this definition is no narrower than the scope of the North Carolina offense of taking indecent liberties with a child. 247 F.3d at 1163. The Court previously has held that the term "sexual abuse of a minor," as used in 8 U.S.C. § 1101(a)(43)(A), includes the conduct proscribed by § 14-202.1, the North Carolina offense of taking liberties with a child. Bahar v. Ashcroft, 264 F.3d 1309, 1311 (11th Cir. 2001). It is clear that the North Carolina statute is no broader than Padilla-Reyes' definition of "sexual abuse of a minor" for the purpose of USSG § 2L1.2.

"Misuse" or "maltreatment" are expansive words that include many different acts. The Padilla-Reyes definition does not limit "sexual abuse of a minor" to instances where the perpetrator is present in front of the minor, where the minor is aware of the abuse, or where the perpetrator makes contact with the minor. The North Carolina statute is similarly broad, but no broader. North Carolina courts have found that the following persons violated § 14-202.1: (1) a high school basketball coach who covertly video-taped a student changing clothes, State v. McClees, 424 S.E.2d

12

687 (N.C. Ct. App. 1993); (2) a karate instructor who had sexually explicit and graphic phone conversations with a pupil, State v. Every, 578 S.E.2d 642 (N.C. Ct. App. 2003); (3) a man who gave a sexually graphic note to his minor neighbor, which included requests that she participate in sexual activity with him, State v. McClary, 679 S.E.2d 414 (N.C. Ct. App. 2009); and (4) a man who masturbated in a bed next to a young girl, State v. Hammett, 642 S.E.2d 454 (N.C. Ct. App. 2007). Although none of these offenses involved contact with a minor, and some even did not involve the perpetrator's presence in front of the minor, North Carolina state courts determined that all involved taking indecent liberties with a child. It is clear that all these acts also are encompassed within the Padilla-Reyes generic, federal definition—they all involve either misuse or maltreatment of a minor for the perpetrator's sexual gratification.[10] Ramirez-Garcia points to no North Carolina cases involving facts that do not fit within the contours of the broad Padilla-Reyes definition, nor any hypothetical situation that would violate N.C. Gen. Stat. § 14-202.1 while avoiding Padilla-Reyes' definition. Thus, the Court finds that the

---

[10] Both definitions focus on the abuser's purpose, rather than any apparent harm to the minor. Compare Diaz-Ibarra, 522 F.3d at 350 ("[O]nce a defendant misuses the minor with the intent to achieve sexual gratification, the act of abuse is complete, irrespective of whether the minor suffered some physical or psychological injury."), with State v. Hartness, 391 S.E.2d 177, 180 (N.C. 1990) (noting a "[d]efendant's purpose for committing such act is the gravamen of this offense; the particular act performed is immaterial"), and State v. McClary, 679 S.E.2d 414, 418 (N.C. App. Ct. 2009) ("Neither a completed sex act nor an offensive touching of the victim are required to violate the statute.").

Padilla-Reyes definition of "sexual abuse of a minor" is at least as broad and inclusive as § 14-202.1.

For the reasons given, the Court affirms the judgment of the district court.

**AFFIRMED**.