[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14511
Non-Argument Calendar
_____

Agency No. A044-273-726

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 26, 2012
JOHN LEY
CLERK

YUSUF CAJETAS GUDMALIN,
a.k.a. Yusuf Cajitas Gudmalin,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 26, 2012)

Before MARTIN, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Yusuf Cajetas Gudmalin, a native and citizen of the Philippines, appeals the decision of the Board of Immigration Appeals (BIA) to deny his application for relief from removal pursuant 8 U.S.C. § 1229b(a).

In June 2010, the Department of Homeland Security charged that Cajetas was removable under 8 U.S.C. § 1227(a)(2)(A)(iii) for having been convicted of an aggravated felony. Specifically, in 2005 Cajetas pleaded guilty to third-degree child abuse in violation of Fla. Stat. Ann. § 827.03(1). At his removal hearing, Cajetas sought relief from removal pursuant to 8 U.S.C. § 1229b(a).[1] He explained that the 2005 guilty plea arose out of consensual sexual relations with a fourteen-year old, who he was led to believe was sixteen, when Cajetas was eighteen. The IJ determined that this crime constituted "sexual abuse of a minor," which is included as an aggravated felony under 8 U.S.C. § 1101(a)(43)(A). As a result, Cajetas was not eligible for withholding of removal under 8 U.S.C. § 1229b(a)(3). The BIA affirmed the IJ's decision, citing Cajetas's plea colloquy from 2005, and Florida case law establishing that a child abuse conviction under Fla. Stat. Ann. § 827.03(1) may involve sexual conduct. Cajetas argues on appeal

---

[1] This provision permits the Attorney General to cancel removal of permanent residents under certain circumstances, provided that the person has not been convicted of an aggravated felony. 8 U.S.C. § 1229b(a).

that his prior conviction does not constitute an "aggravated felony" under § 1101(a)(43)(A).

Whether a conviction qualifies as an aggravated felony for the purposes of § 1101(a)(43)(A) is a question of law that we review de novo. Accardo v. U.S. Att'y Gen., 634 F.3d 1333, 1335–36 (11th Cir. 2011); see also 8 U.S.C. § 1252(a)(2)(C), (D) (granting courts of appeals jurisdiction to review constitutional claims and questions of law). Further, this Court reviews only the decision of the BIA, except to the extent that the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001).

Title 8 U.S.C. § 1101 defines "aggravated felony," in relevant part, as "murder, rape, or sexual abuse of a minor." 8 U.S.C. § 1101(a)(43)(A). This Court has previously defined "sexual abuse of a minor" under § 1101(a)(43)(A) as encompassing "a perpetrator's physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification." United States v. Padilla-Reyes, 247 F.3d 1158, 1163 (11th Cir. 2001). In determining whether a prior conviction constitutes an aggravated felony under § 1101(a)(43), we first apply the categorical method and look to the "fact of conviction and the statutory definition of the offense." Jaggernauth v. U.S. Att'y Gen., 432 F.3d 1346, 1353 (11th Cir. 2005). Where the statutory definition underlying the prior conviction

contains some offenses that are aggravated felonies, and others that are not, we apply a modified categorical approach and examine the information, the plea agreement or colloquy, and the judgment to determine whether the prior conviction is an aggravated felony under § 1101(a)(43). See id. at 1355.

Cajetas argues that the categorical approach suffices to demonstrate that his conviction under Fla. Stat. Ann. § 827.03(1) does not constitute "sexual abuse of a minor" under § 1101(a)(43)(A). Specifically, he argues that, because § 827.03(1) lacks any explicit sexual element, it does not fall under § 1101(a)(43)(A).[2] Further, he argues that the BIA erred by applying the modified categorical approach, when this Court had already defined "sexual abuse of a minor" in Padilla-Reyes for the purposes of § 1101(a)(43)(A). However, our precedent makes clear that an immigration court must apply either the categorical or modified categorical approach to determine whether a person's prior conviction qualifies as an "aggravated felony" under § 1101(a)(43). Therefore, it was not

---

[2] Fla. Stat. Ann. § 827.03(1) defines child abuse as:

(a) Intentional infliction of physical or mental injury upon a child;

(b) An intentional act that could reasonably be expected to result in physical or mental injury to a child; or

(c) Active encouragement of any person to commit an act that results or could reasonably be expected to result in physical or mental injury to a child.

error for the BIA to employ the modified categorical approach, even though this Court has provided a definition of "sexual abuse of a minor" under § 1101(a)(43)(A).[3]

In determining whether a guilty plea under § 827.03(1) constitutes "sexual abuse of a minor" under § 1101(a)(43)(A), it was proper for the BIA to analyze relevant state court decisions. See United States v. Ramirez-Garcia, 646 F.3d 778, 784 (11th Cir. 2011). In this case, the BIA cited DuFresne v. State, 826 So. 2d 272 (Fla. 2002), which indicates that "abuse" under § 827.03(1) includes "any willful act or threatened act that results in any physical, mental, or sexual injury or harm that causes or is likely to cause the child's mental health to be significantly impaired." Id. at 278. Under this definition, a conviction under § 827.03(1) can result from either sexual or non-sexual abuse. Given that § 827.03(1) covers conduct both within and beyond the scope of § 1101(a)(43)(A), it was appropriate for the BIA to apply the modified categorical approach and consider the record of Cajetas's guilty plea to determine whether his conviction constitutes "sexual abuse of a minor."

Specifically, the BIA properly considered Cajetas's plea colloquy from the

---

[3] Cajetas also argues that the BIA erred by employing the modified categorical approach, because federal law already defines "sexual abuse of a minor" under 18 U.S.C. § 2243. This argument similarly misunderstands the purpose of the modified categorical approach.

§ 827.03(1) conviction to make its determination. See Jaggernauth, 432 F.3d at 1355. During this plea colloquy, the state advised the Florida court that it was prepared to prove at trial that Cajetas "did knowingly or willfully abuse a child by engaging in sexual activity with [the victim] and that action was likely to cause her mental injury." Cajetas took "no exceptions" to this statement. This plea colloquy indicates that Cajetas's child abuse conviction under § 827.03(1) involved sexual activity, which brings his conviction within the definition of an aggravated felony under § 1101(a)(43)(A). Therefore, the BIA correctly concluded that Cajetas is not eligible for cancellation of removal under 8 U.S.C. § 1229b(a)(3).

For the reasons stated, we DENY Cajetas's petition.