[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10625
Non-Argument Calendar
_____

D.C. Docket No. 3:11-cr-00080-WKW-SRW-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE JAVIER GOMEZ-COLIN,
a.k.a. Javier Colin,
a.k.a. Jose Javier Gomez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(August 6, 2012)

Before DUBINA, Chief Judge, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Appellant Jose Gomez-Colin appeals his 57 month sentence, that the district court imposed at the bottom of the applicable guideline range, after he pled guilty to one count of reentry of a deported alien, in violation of 8 U.S.C. § 1326(a), (b)(2). Gomez argues that the district court erred in determining that his prior conviction under O.C.G.A. § 16-6-4(a) for "child molestation " qualified as "sexual abuse of a minor" and therefore, was a "crime of violence" within the meaning of U.S.S.G. § 2L1.2(b)(1)(A)(ii). He contends that, using the categorical approach, the elements of his prior child molestation conviction cover conduct broader than this court's definition of sexual abuse of a minor, as explained in *United States v. Padilla-Reyes*, 247 F.3d 1158 (11th Cir. 2001).

In considering whether a 16-level enhancement was proper based on a previous deportation following a conviction for a "crime of violence," we review *de novo* whether the prior conviction qualifies under the Guidelines as a crime of violence under § 2L1.2(b)(1)(A)(ii). *United States v. Palomino Garcia*, 606 F.3d 1317, 1326 (11th Cir. 2010).

A 16-level enhancement is imposed under the Guidelines if the defendant has been previously deported following a felony conviction for "a crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii). A "crime of violence" is defined by the

2

Guidelines as an offense that includes "sexual abuse of a minor . . . or any other offense . . . that has as an element the use, attempted use, or threatened use of physical force against the person of another."  U.S.S.G. § 2L1.2, cmt. (n.1(B)(iii)). Guidelines commentary "that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline."  *Stinson v. United States*, 508 U.S. 36, 38, 113 S. Ct. 1913, 1915, 123 L. Ed. 2d 598 (1993).  The Guidelines were amended in 2003 to clarify that a "crime of violence" incorporated specific enumerated offenses, including  "sexual abuse of a minor," "regardless of whether the prior offense expressly has as an element the use, attempted use, or threatened use of physical violence against the person of another."  U.S.S.G. App. C, Amend. 658 (2003).

When determining whether a prior conviction qualifies as an enumerated offense, we use "a categorical approach to determine whether the convicted crime falls within the generic, federal definition of the enumerated offense." *United States v. Ramirez-Garcia*, 646 F.3d 778, 782 (11th Cir.) *cert. denied* 132 S. Ct. 595 (2011). Using the categorical approach, "we consider the offense as defined by the law, rather than considering the facts of the specific violation." *United States v. Archer*, 531 F.3d 1347, 1350 (11th Cir. 2008).  Thus, in analyzing the

3

nature and risk of the offense, we consider the ordinary case to determine how the crime is usually committed, and do not inquire into the specific conduct of the particular offender. *United States v. Proch*, 637 F.3d 1262, 1266 (11th Cir. 2011). "If the scope of acts criminalized by the statutory definition of the prior offense is broader than the generic definition of the enumerated offense, then, under the categorical approach, the prior conviction does not fall within the enumerated offense." *Ramirez-Garcia*, 646 F.3d at 782-83.

Our generic, federal definition of "sexual abuse of a minor" was first stated in *Padilla-Reyes*, which addressed whether a defendant's previous conviction in Florida for "lewd assault" was an "aggravated felony" which qualified for the 16-level enhancement. 247 F.3d at 1162. We interpreted "sexual abuse of a minor" to mean "a perpetrator's physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification." *Id.* at 1163. We recognized that violations of the Florida "lewd assault" statute might not involve any physical contact with the victim, but concluded that all possible violations involve the misuse or maltreatment of a child for sexual gratification and, thus, constitute "sexual abuse of a minor." *Id.*

Our recent decision in *United States v. Ramiz-Garcia* reaffirmed the definition of "sexual abuse of a minor" set forth in *Padilla-Reyes*, 646 F.3d at 783-

4

84.  At issue was a North Carolina statute which stated:

> A person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he either:
>> (1)Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire; or
>> (2) Willfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years.

N.C. Gen. Stat. § 14–202.1. We noted that the *Padilla-Reyes* definition "focused on the perpetrator's intent in committing the abuse, to seek libidinal gratification." *Ramiz-Garcia*, 646 F.3d at 782 (internal quotation marks and alteration omitted). Because "misuse" or "maltreatment" are expansive words that include many different acts, the definition is not limited "to instances where the perpetrator is present in front of the minor, where the minor is aware of the abuse, or where the perpetrator makes contact with the minor." *Id.* at 784. Accordingly, we found that the *Padilla-Reyes* definition of "sexual abuse of a minor" was "at least as broad and inclusive as § 14–202.1." *Id.* at 785.

Georgia's child molestation statute provides:

> A person commits the offense of child molestation when such person:
>> (1) Does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person.

5

O.C.G.A. § 16-6-4(a)(1).

The Georgia child molestation statute tracks the language of the *Padilla-Reyes* definition of sexual abuse of a minor. Like the *Padilla-Reyes* definition, § 16-6-4(a) focuses on the intent of the perpetrator to achieve sexual gratification. The "misuse or maltreatment" requirement of *Padilla-Reyes* is expansive and is contemplated by the "immoral or indecent act" language of § 16-6-4(a). Moreover, this language is almost exactly the same as the "immoral, improper, or indecent liberties" language of the North Carolina statute that we held was no broader than the *Padilla-Reyes* definition. Gomez has failed to point to any Georgia cases involving facts that do not fit within the contours of the broad *Padilla-Reyes* definition. Accordingly, we conclude from the record that the district court did not err in finding that Gomez's previous conviction for child molestation constituted "sexual abuse of a minor" and, therefore, was a "crime of violence" within the meaning of U.S.S.G. § 2L1.2(b)(1)(A)(ii).

For the aforementioned reasons, we affirm Gomez's sentence.

**AFFIRMED.**