[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11440
Non-Argument Calendar
_____

D.C. Docket No. 3:12-cr-00079-LC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JONATHAN MAURICIO CARMONA-BELLO,
a.k.a. David Saucedo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(November 4, 2013)

Before WILSON, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Jonathan Mauricio Carmona-Bello appeals his 30-month sentence, imposed below the guideline range, after pleading guilty to a single count of illegal re-entry of a deported alien, in violation of 8 U.S.C. § 1326(a) and (b)(2).  On appeal, he argues that the district court erred in overruling his objection to a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on his prior conviction in North Carolina for felony taking indecent liberties with a child.  Carmona-Bello asks us to reconsider our decision in *United States v. Ramirez-Garcia*, 646 F.3d 778 (11th Cir. 2011), where we held that a violation of the North Carolina statute that prohibits taking indecent liberties with a minor constitutes sexual abuse of a minor, and, thus, a crime of violence for the purpose of applying an offense-level enhancement under § 2L1.2(b)(1)(A)(ii).

"Under the prior precedent rule, we are bound to follow a prior binding precedent unless or until it is overturned by this court en banc or by the Supreme Court." *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008) (per curiam) (internal quotation marks omitted).  Because our holding in *Ramirez-Garcia* is directly applicable to Carmona-Bello's case, and it has not been overturned by this court en banc or by the United States Supreme Court, we conclude that the district court correctly applied the 16-level enhancement under § 2L1.2(b)(1)(A)(ii).

**AFFIRMED.**

2