MARTIN, Circuit Judge,
concurring:
I concur in full with the panel’s opinion. I write separately because I read Lockhart v. United States, — U.S.-, 136 S.Ct. 958, 194 L.Ed.2d 48 (2016), to teach us we should no longer define the generic crimes listed in §§ 2251(e) and 2252A(b)(l) (and other similarly-worded statutes) based on the “ordinary, contemporary, and common meaning of the statutory words.” United States v. Ramirez-Garcia, 646 F.3d 778, 783 (11th Cir. 2011) (quotation omitted). Lockhart clarifies that the terms “aggravated sexual abuse,” “sexual abuse,” “abusive sexual contact involving a minor or ward,” and “abusive sexual conduct involving a minor or ward” should be construed by looking to how they are defined in Chapter 109A of Title 18 of the United States Code.
The panel opinion correctly recognizes that when we apply the categorical ap *741 proach to decide whether a prior conviction triggers a sentencing enhancement, our binding precedent requires us to define any non-traditional generic offenses listed in the federal sentencing enhancement statute based on their plain meaning. Ramirez-Garcia, 646 F.3d at 783. Further, we have applied this rule to federal statutes that list generic crimes like those listed in §§ 2261(e) and 2252A(b)(l). See United States v. Mathis, 767 F.3d 1264, 1284-85 (11th Cir. 2014). Although most of our sister circuits adhere to this same rule, see, e.g., United States v. Mateen, 806 F.3d 857, 859-63 (6th Cir. 2015); United States v. Barker, 723 F.3d 315, 322-25 (2d Cir. 2013) (per curiam), one notable exception is the Seventh Circuit. That Circuit, in an opinion written by Judge Easterbrook, held that the term “abusive” in 18 U.S.C. § 2252(b)(1) (yet another federal statute that assesses enhancements for prior state convictions “relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward”) should be construed in light of “the treatment that term [“abusive”] receives in Chapter 109A of the Criminal Code (18 U.S.C. §§ 2241-48, and titled ‘Sexual Abuse’).” United States v. Osborne, 551 F.3d 718, 721 (7th Cir. 2009). More to the point, the Osborne panel said that “[g]iven the lack of a definition [of the word “abusive”] in § 2252, we think it best to say that, as a matter of federal law, sexual behavior is ‘abusive’ only if it is similar to one of the crimes denominated as a form of ‘abuse’ elsewhere in Title 18.” Id. Further, the Osborne panel singled out § 2241 (titled “Aggravated sexual abuse”), § 2242 (titled “Sexual abuse”), and § 2243 (titled “Sexual abuse of a minor or ward”) because the titles of those three sections match the “three terms that § 2252(b)(1) employs” to indicate which state crimes trigger sentencing enhancements under § 2252(b)(1). Id. at 720.
Although the Seventh Circuit holds the minority view on this issue, Lockhart indicates to me that their approach is right. In Lockhart, the Supreme Court construed the phrase “aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward” in 18 U.S.C. § 2252(b)(2) and held that “involving a minor or ward” modifies only “abusive sexual conduct,” and not “aggravated sexual abuse” or “sexual abuse.” 136 S.Ct. at 961. To arrive at this conclusion, the Supreme Court (like the Seventh Circuit in Osborne) observed that the titles of §§ 2241-2243—the first three sections in Chapter 109A of Title 18—“mirror precisely the order, precisely the divisions, and nearly precisely the words used to describe the three state sexual-abuse predicate crimes in § 2252(b)(2): ‘aggravated sexual abuse,’ ‘sexual abuse,’ and ‘abusive sexual conduct involving a minor or ward.’” Id. at 964. The Supreme Court said “[t]his similarity appears to be more than a coincidence.” Id. Although the Court could not “state with certainty that Congress used Chapter 109A as a template for the list of state predicates” in § 2252(b)(2), it also could not “ignore the parallel.” Id. Finally, the Supreme Court reasoned that if Congress had wanted “involving a minor or ward” to modify all the terms in the phrase, and not just “abusive sexual conduct,” it would not “have followed, or thought it needed to follow, so closely the structure and language of Chapter 109A.” Id.
In short, the Lockhart holding relied in part on the similarity between the generic crimes listed in § 2252(b)(2) and the statutory crimes that make up Chapter 109A, which it thought was “more than a coincidence.” Id. This strongly suggests that we should construe those generic crimes in light of their parallel Chapter 109A sections. As Lockhart reasoned, if Congress had wanted the generic crimes in *742 § 2252(b)(2) to be construed according to their common, ordinary meaning, and not by reference to Chapter 109A, I doubt it would “have followed, or thought it needed to follow, so closely the structure and language of Chapter 109A.” Id. Thus, with regard to § 2252A(b)(l), which also contains the phrase “aggravated sexual abuse, sexual abuse, and abusive sexual conduct involving a minor or ward,” I would look to § 2241 to define “aggravated sexual abuse,” § 2242 to define “sexual abuse,” and § 2243 to define “abusive sexual conduct involving a minor or ward.” As for § 2251(e), I would use § 2244—a section in Chapter 109A titled “Abusive sexual contact”—to define “abusive sexual contact involving a minor or ward.”[1]
Under this approach, Johnson’s prior Florida conviction for lewd and lascivious molestation would not trigger a sentencing enhancement under either § 2251(e) or § 2252A(b)(l). Section 2243(a) defines sexual abuse of a minor as “knowingly engaging] in a sexual act” with a minor who is (1) at least 12 but not older than 15 years of age; and (2) at least 4 years younger than the defendant. However, touching genitalia “through the clothing” is not defined as a “sexual act” by Chapter 109A, and neither is touching other body parts (through or underneath clothing). See 18 U.S.C. § 2246(2)(D). Also, § 2243(c)(1) allows the defense that a defendant had a reasonable belief that the victim was 16 years of age. On the other hand, Fla. Stat. § 800.04(6) (2002) criminalized touching non-genitalia body parts through clothing (which is not a “sexual act” under § 2246(2)(D)), did not require the defendant to be at least four years older than the victim, and expressly forbade good-faith belief defenses. See Fla. Stat. § 800.04(3) (2002). The elements of Fla. Stat. § 800.04(5) (2002) were therefore too much in contrast to those in § 2243 for a conviction under § 800.04(5) to “relat[e] to” “abusive sexual conduct involving a minor.” See Osborne, 551 F.3d at 721 (“[A] state statute that makes it a crime for one teenager to engage in sexual contact with another, without committing a sexual act or without a four-year difference in age, is hard to classify as ‘abusive’ given the treatment that term receives in Chapter 109A of the Criminal Code (18 U.S.C. §§ 2241-48, and titled ‘Sexual Abuse’).”). By extension, a prior conviction under Fla. Stat. § 800.04(5) (2002) also doesn’t “relat[e] to ... abusive sexual contact involving a minor” as defined by § 2244 because the subsection of § 2244 that addresses minors who are at least 12 but not older than 15 years of age defines “abusive sexual contact” as contact that amounts to a “sexual act” that would violate § 2243. See § 2244(a)(3). Because Fla. Stat. § 800.04(5) (2002) criminalizes a much broader range of conduct than does § 2243, the two are not “relat[ed].”
Even though Lockhart strongly supports the Seventh Circuit’s approach to interpreting statutes like § 2252(b)(2) (including §§ 2251(e) and 2252A(b)(l)), Lock-hart is not so “clearly on point” that it “undermine[s]” our established practice of interpreting these statutes based on their plain meaning “to the point of abrogation.” United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008). While the Supreme Court supported its conclusion in Lockhart by pointing to the similarity between the generic offenses in § 2252(b)(2) and the statutory crimes in Chapter 109A, its holding was not about how to construe the generic crimes of “aggravated sexual *743 abuse, sexual abuse, and abusive sexual conduct involving a minor or ward” individually. It was instead about whether “involving a minor or ward” modifies only “abusive sexual conduct,” and not “aggravated sexual abuse” or “sexual abuse.” As a result, even if our current approach to defining those generic crimes appears to conflict with the reasoning set out in Lock-hart, we must apply it until it is overturned by the Supreme Court or by this Court sitting en banc.

. Although the title of § 2244 doesn’t mention minors or wards, the section itself contains two subsections that specifically address abusive sexual contact with minors or wards. See 18 U.S.C. § 2244(a)(3)-(4). ■