In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-1176

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

SEAN OSBORNE,

*Defendant-Appellant*.

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:07CR00093-001—**David F. Hamilton**, *Chief Judge*.

ARGUED OCTOBER 24, 2008—DECIDED JANUARY 5, 2009

Before EASTERBROOK, *Chief Judge*, and POSNER and ROVNER, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. Sean Osborne pleaded guilty to possessing and distributing child pornography, in violation of 18 U.S.C. §2252(a). The minimum penalty for that crime is 5 years, and the maximum is 20 years, but if the defendant has a prior conviction "under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward", the minimum penalty rises to 15 years and the

maximum to 40. 18 U.S.C. §2252(b)(1). Osborne's record includes a conviction for violating Ind. Code §35-42-4-9(b), which makes it a crime for a person age 18 or older to "perform[] or submit[] to any fondling or touching, of either the child [any person age 14 or 15] or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person". The district court concluded that every conviction under §35-42-4-9(b) arises from "abusive sexual conduct involving a minor or ward" and sentenced Osborne to 15 years' imprisonment.

Section 35-42-4-9(b) doubtless defines a crime that entails "sexual conduct involving a minor or ward". But is this sexual conduct "abusive?" Section 2252(b)(1) does not define that word, nor has any court of appeals addressed what makes sexual conduct involving a minor "abusive." The prosecutor contends that §2252(b)(1) must be read "broadly" and that any offense arising from sexual conduct with minors must be seen as "abusive." That approach, however, would read the word "abusive" out of §2252(b)(1); it would be as if the statute covered any conviction for "sexual conduct involving a minor or ward". The phrase "abusive sexual conduct involving a minor or ward" must be a subset of all "sexual conduct involving a minor or ward". Yet when we asked the prosecutor at oral argument for an example of a crime that arises from "sexual conduct involving a minor or ward" that is not also "abusive," she could not give one.

Force and fraud are two reasons why sexual contact might be labeled "abusive," but these are not required for

conviction under §35-42-4-9(b). (The use or threatened use of deadly force, or administration of a drug, increases the maximum penalty, see §35-42-4-9(b)(2), but is not required for conviction.) Sexual contact with very young girls might be thought abusive simply because of the victim's youth, or because pregnancy or the trauma of intercourse creates an elevated risk of injury. See *United States v. Shannon*, 110 F.3d 382 (7th Cir. 1997) (en banc). But §35-42-4-9(b) applies only when the victim is at least 14; Indiana has a separate statute covering sexual contact with a person 13 or younger. Subsection 9(b) also does not cover sexual intercourse with a child; that's the province of §35-42-4-9(a).

What gives some support to classifying §35-42-4-9(b) as a crime of sexual "abuse" is the required age difference. Many criminal laws, of which statutory rape is the best-known example, rest on a belief that a combination of youth and age difference prevents an effective consent to sexual conduct. Sexual conduct without voluntary consent is abusive.

But is *all* sexual conduct between people of different ages in the "abusive" subcategory? The age difference under §35-42-4-9(b) could be as small as two years (the older person could have just turned 18, and the younger could be one day short of 16), and the sexual contact could include behavior common among students in high school, such as kissing or petting "with intent to arouse . . . the sexual desires" of either person. Indiana has held that a touch on the buttocks or inner thigh comes within "any fondling or touching" under this statute. See *Altes v.*

*State*, 822 N.E.2d 1116, 1121–22 (Ind. App. 2005) (buttocks); *Krebs v. State*, 816 N.E.2d 469, 474 (Ind. App. 2004) (breast); *Nuerge v. State*, 677 N.E.2d 1043, 1048 (Ind. App. 1997) (thigh). Exploratory touching between students in high school is not a form of "abusive" sexual contact, as that word is ordinarily understood.

Indiana has recognized this. Amendments to §35-42-4-9 in 2007 create a defense that covers most high school students' touching of the opposite sex. Subsection (e) now provides:

> It is a defense to a prosecution under this section if all the following apply:
>
> (1) The person is not more than four (4) years older than the victim.
>
> (2) The relationship between the person and the victim was a dating relationship or an ongoing personal relationship. The term "ongoing personal relationship" does not include a family relationship.
>
> (3) The crime: (A) was not committed by a person who is at least twenty-one (21) years of age; (B) was not committed by using or threatening the use of deadly force; (C) was not committed while armed with a deadly weapon; (D) did not result in serious bodily injury; (E) was not facilitated by furnishing the victim, without the victim's knowledge, with a drug (as defined in IC 16-42-19-2(1)) or a controlled substance (as defined in IC 35-48-1-9) or know-

ing that the victim was furnished with the drug or controlled substance without the victim's knowledge; and (F) was not committed by a person having a position of authority or substantial influence over the victim.

(4) The person has not committed another sex offense (as defined in IC 11-8-8-5.2) (including a delinquent act that would be a sex offense if committed by an adult) against any other person.

Subsection (e) identifies circumstances under which sexual fondling or touching could not be called "abusive" in ordinary usage. Yet Osborne was convicted in 2002, before this defense was added to the statute.

Although neither §2252 nor any other section of the Criminal Code defines the word "abusive," some other sections shed light on how Congress understood the word. Section 2241 covers "aggravated sexual abuse"; §2242 deals with "sexual abuse"; §2243 addresses "sexual abuse of a minor or ward". These are the same three terms that §2252(b)(1) employs to denote state convictions that support a recidivist enhancement, and §2252(b)(1) was added in 1990 at the same time that §§ 2241–43 were enacted, so these laws should be read together. Section 2243 is most helpful for our purpose, as it covers the sexual abuse of a minor. Section 2243(a) makes it a crime to "engage[] in a sexual act" with a person between the ages of 12 and 15 who is at least 4 years younger than the defendant. Section 2246(2) in turn defines "sexual act" to include intercourse, fellatio, cunnilingus, and touching

the genitalia "not through the clothing". "Sexual contact" is defined in §2246(3) to include touching, directly or through clothing, "the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person."

Given the lack of a definition in §2252, we think it best to say that, as a matter of federal law, sexual behavior is "abusive" only if it is similar to one of the crimes denominated as a form of "abuse" elsewhere in Title 18. This is the approach the Supreme Court took in *Begay v. United States*, 128 S. Ct. 1581 (2008), to the definition of a "violent felony" under 18 U.S.C. §924(e)(2)(B)(ii). Cf. *Estrada-Espinoza v. Mukasey*, 546 F.3d 1147 (9th Cir. 2008) (en banc) ("sexual abuse of a minor" in immigration law means a state offense that would be a crime under §2243). Similar is not necessarily identical; federal law does not prohibit all kinds of abusive sexual contact, and statutes such as §2243 contain elements (interstate commerce or the special federal territorial jurisdiction) that are unrelated to the "abusive" nature of the sexual behavior. That's why §2252 enhances the penalty following state as well as federal convictions. It is easy to see why any sexual contact by a child's adult relatives might be deemed abusive even though no federal statute covers the subject. But a state statute that makes it a crime for one teenager to engage in sexual contact with another, without committing a sexual act or without a four-year difference in age, is hard to classify as "abusive" given the treatment that term receives in Chapter 109A of the Criminal Code (18 U.S.C. §§ 2241–48, and titled "Sexual Abuse").

The crime defined by Ind. Code §35-42-4-9(a) covers a "sexual act" and therefore would be classified as "abusive" under 2243(a) when the age difference is at least four years. But the crime defined by §35-42-4-9(b) is ambiguous. It covers some abusive "sexual acts"—for example, a 20-year-old man induces a 14-year-old girl to perform fellatio—and other sexual conduct that is not abusive—for example, a girl in her senior year of high school permits her boyfriend, in his sophomore year, to touch her breasts. When a state law covers conduct some of which is within, and the rest of which is outside, the scope of a recidivist statute, the federal court may examine the charging papers (and any guilty-plea colloquy) to classify the conviction. See *Taylor v. United States*, 495 U.S. 575 (1990); *Shepard v. United States*, 544 U.S. 13 (2005).

The district court must find out, using the charging papers and any other documents that may be considered under *Taylor* and *Shepard*, whether Osborne was convicted of conduct comparable to that covered by 18 U.S.C. §2243. The parties tell us that Osborne, while age 21, had sexual intercourse with a girl of 14. How he came to be convicted under §35-42-4-9(b) rather than §35-42-4-9(a) is a mystery—and, to repeat, the question is not what he *did* but what he was *convicted of*. Unless the charging papers demonstrate that Osborne has been convicted of violating §35-42-4-9(b) in a way that shows "abusive" sexual behavior, as we have defined it, then the court must treat the 2002 conviction as non-abusive, because the elements of §35-42-4-9(b) permit a conviction for many kinds of conduct that federal law does not call "abusive."

The district court must reconsider Osborne's sentence in light of our discussion. Osborne's argument about the application of U.S.S.G. §2G2.2(b)(5) (which adds five offense levels when a defendant has engaged in "a pattern of activity involving the sexual abuse or exploitation of a minor") need not be reached if proceedings on remand show that his violation of §35-42-4-9(b) entailed abusive sexual contact, for the 15-year minimum under §2252(b) exceeds the sentence computed under the Sentencing Guidelines. But if the district court rules in Osborne's favor on the characterization of his conviction under §35-42-4-9(b), the court should reconsider the §2G2.2(b)(5) question in light of its conclusion, and what we have said in this opinion.

VACATED AND REMANDED