12-3968-cr
*United States v. Simard*

# In the

# United States Courts of Appeals

## For the Second Circuit

————

No. 12-3968-cr

UNITED STATES OF AMERICA,
*Appellee,*

*v.*

SHAWN SIMARD,
*Defendant-Appellant.*

————

Appeal from the United States District Court
for the District of Vermont.
No. 2:10-cr-47-1 — William K. Sessions, III, *Judge*.

————

ARGUED: JUNE 20, 2013
DECIDED: SEPTEMBER 10, 2013

————

Before: CALABRESI, CABRANES, and SACK, *Circuit Judges*.

————

Defendant-appellant Shawn Simard appeals from an August 15, 2012 judgment of the United States District Court for the District of Vermont (William K. Sessions, III, *Judge*) sentencing him to 121 months' imprisonment after he pleaded guilty to possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4). This sentence was based on the application of a mandatory ten-year minimum triggered, according to the District Court, by Simard's prior conviction in Vermont state court for "lewd or lascivious conduct with a child," in violation of 13 Vt. Stat. Ann. § 2602.

This appeal requires us to decide (1) whether the District Court erred in using the "modified categorical approach" to determine whether a conviction under 13 Vt. Stat. Ann. § 2602 triggers the mandatory ten-year minimum contained in 18 U.S.C. § 2252(b)(2); and, if so, (2) whether, under the correct approach, Simard's conviction under 13 Vt. Stat. Ann. § 2602 nonetheless triggers the sentencing enhancement because the Vermont statute "relate[s] to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward," 18 U.S.C. § 2252(b)(2). We conclude, pursuant to our recent decisions in *United States v. Barker*, --- F.3d ----, 2013 WL 3388381 (2d Cir. July 9, 2013), and *United States v. Beardsley*, 691 F.3d 252 (2d Cir. 2012), that the District Court should have applied the categorical approach—not the *modified* categorical approach—to determine whether Simard's conviction under 13 Vt. Stat. Ann. § 2602 triggered 18 U.S.C. § 2252(b)(2)'s sentencing enhancement. Despite this error, we also conclude that the District Court ultimately was correct to apply 18 U.S.C. § 2252(b)(2)'s

mandatory ten-year minimum because, under the categorical approach, 13 Vt. Stat. Ann. § 2602 is a state law that "relat[es] to . . . abusive sexual conduct involving a minor or ward," 18 U.S.C. § 2252(b)(2).

Affirmed.

————

BARCLAY T. JOHNSON, *for* Michael L. Desautels, Federal Public Defender, Office of the Federal Public Defender for the District of Vermont, Burlington, VT, *for Shawn Simard.*

BARBARA A. MASTERSON (Gregory L. Waples, *on the brief*), Assistant United States Attorneys, *for* Tristram J. Coffin, United States Attorney, United States Attorney's Office for the District of Vermont, Burlington, VT, *for the United States of America.*

————

PER CURIAM:

Defendant-appellant Shawn Simard appeals from an August 15, 2012 judgment of the United States District Court for the District of Vermont (William K. Sessions, III, *Judge*) sentencing him to 121 months' imprisonment after he pleaded guilty to possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4). In sentencing Simard, the District Court considered

whether Simard's prior conviction in Vermont state court for "lewd or lascivious conduct with a child," in violation of 13 Vt. Stat. Ann. § 2602, triggered a mandatory minimum sentence of ten years' imprisonment pursuant to 18 U.S.C. § 2252(b)(2).[1] The District Court ultimately concluded that the crime underlying Simard's conviction "relat[ed] to . . . abusive sexual conduct involving a minor or ward," 18 U.S.C. § 2252(b)(2), under the "modified categorical approach,"[2] and therefore that 18 U.S.C. § 2252(b)(2)'s sentencing enhancement applied.

---

[1] Title 18 U.S.C. § 2252(b)(2) provides:

Whoever violates, or attempts or conspires to violate, paragraph (4) of subsection (a) shall be fined under this title or imprisoned not more than 10 years, or both, but if . . . such person has a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned for not less than 10 years nor more than 20 years.

[2] As described at greater length below, courts have employed two approaches for determining whether a state conviction "relate[s] to aggravated sexual abuse sexual abuse, or abusive sexual conduct involving a minor or ward." 18 U.S.C. § 2252(b)(2). As we have explained, "[u]nder a categorical approach, courts compare the statute forming the basis of the defendant's prior conviction with the applicable generic offense in the federal sentencing statute." *United States v. Barker*, ---- F.3d ----, 2013 WL 3388381, at *2 (2d Cir. July 9, 2013). "In contrast, under the modified categorical approach, courts may, to a limited extent in order to discover the elements of the prior conviction, consider facts underlying the prior conviction if they are based upon adequate judicial record evidence." *Id.* (internal quotations marks omitted). In other words, the "categorical approach" only takes into account the language of the underlying state statute, while the "modified categorical

In light of the District Court's conclusion, we must now consider (1) whether the District Court erred in using the modified categorical approach to decide whether a conviction under 13 Vt. Stat. Ann. § 2602 triggers 18 U.S.C. § 2252(b)(2)'s mandatory ten-year minimum; and, if so, (2) whether, under the correct approach, Simard's conviction under 13 Vt. Stat. Ann. § 2602 nonetheless triggers the sentencing enhancement because the Vermont statute "relate[s] to . . . abusive sexual conduct involving a minor or ward," 18 U.S.C. § 2252(b)(2).

We conclude, pursuant to our recent decisions in *United States v. Barker*, --- F.3d ----, 2013 WL 3388381 (2d Cir. July 9, 2013), and *United States v. Beardsley*, 691 F.3d 252 (2d Cir. 2012), that the District Court should have applied the categorical approach—not the *modified* categorical approach—to decide whether Simard's conviction under 13 Vt. Stat. Ann. § 2602 triggered 18 U.S.C. § 2252(b)(2)'s sentencing enhancement. Despite this error, we also conclude that the District Court ultimately was correct to apply the mandatory ten-year minimum because, under the categorical approach, 13 Vt. Stat. Ann. § 2602 is a state law that "relat[es] to . . . abusive sexual conduct involving a minor or ward," 18 U.S.C. § 2252(b)(2).

For these reasons, we affirm the August 15, 2012 judgment of the District Court.

---

approach" permits courts to probe, to a limited extent, the actual nature of the defendant's prior crime.

## BACKGROUND

### A.

In 2009, while Simard was on probation for a prior offense that involved lewd or lascivious conduct with a child, two probation officers went with Simard to his residence and discovered a laptop containing a video file depicting child pornography. Investigators later discovered that the laptop had fourteen additional images of child pornography stored on it.

On May 25, 2010, a federal grand jury in Burlington, Vermont, returned an Indictment charging Simard with one count of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4). On May 12, 2011, Simard pleaded guilty to the child pornography possession count (Count Two). In exchange for Simard's plea of guilty, the government agreed to move to dismiss Count One of the Indictment.

As noted, the appropriate sentence for a conviction based on the possession of child pornography depends, in part, on whether the defendant has previously been convicted of a crime "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." 18 U.S.C. § 2252(b)(2). If he has no such prior conviction, a defendant convicted of possession of child pornography may be imprisoned for up to ten years, but if he does have such a prior conviction, he must be imprisoned for at least ten, and up to as many as twenty, years. *Id*.

In 2004, Simard pleaded guilty to violating 13 Vt. Stat. Ann. § 2602, which, at that time, provided that "[n]o person shall willfully and lewdly commit any lewd or lascivious act upon or with the body, or any part or member thereof, of a child under the age of 16 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of such person or of such child."[3] 13 Vt. Stat. Ann. § 2602 (2004). In light of Simard's prior conviction, the District Court was confronted with the following question: Does 13 Vt. Stat. Ann. § 2602 "relat[e] to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward," 18 U.S.C. § 2252(b)(2), such that Simard was subject to 18 U.S.C. § 2252(b)(2)'s mandatory ten-year minimum sentence when he pleaded guilty to possessing child pornography?

Although the parties initially agreed that Simard's 2004 conviction under 13 Vt. Stat. Ann. § 2602 triggered 18 U.S.C. § 2252(b)(2)'s sentencing enhancement, the District Court asked the parties to brief this issue. Thereafter, Simard changed his earlier position regarding 13 Vt. Stat. Ann. § 2602 and, in presenting the issue to the District Court, claimed that his prior conviction did not trigger 18 U.S.C. § 2252(b)(2)'s sentencing enhancement. The government continued to contend that Simard's prior conviction was a "predicate offense" under 18 U.S.C. § 2252(b)(2).

---

[3] In 2005, after Simard pleaded guilty to violating 13 Vt. Stat. Ann. § 2602, the statute was amended to include the following provision: "This section shall not apply if the person is less than 19 years old, the child is at least 15 years old, and the conduct is consensual."

On September 1, 2001, Judge Sessions filed a Memorandum and Order holding that Simard's prior conviction for lewd or lascivious conduct with a child triggered 18 U.S.C. § 2252(b)(2)'s sentencing enhancement. In doing so, Judge Sessions considered the question under both the categorical and modified categorical approaches. First, he concluded that a conviction under 13 Vt. Stat. Ann. § 2602 did not trigger the enhancement under the categorical approach, stating that "although all of the conduct covered by [13 Vt. Stat. Ann. § 2602] is for a purpose associated with sexual gratification, it is not necessarily abusive," insofar as the statute would also criminalize non-abusive conduct such as "exploratory touching between students in high school." *United States v. Simard*, No. 2:10-cr-47-1, 2011 WL 3862300, at *4 (D. Vt. Sept. 1, 2011) (internal quotation marks and citations omitted). Second, Judge Sessions determined that, under the modified categorical approach, Simard's prior conviction did trigger the sentencing enhancement in light of certain "explicit factual findings by the trial judge to which the defendant assented." *Id.* at *6 (internal quotations marks and alterations omitted). Accordingly, Judge Sessions ultimately held that Simard was subject to a mandatory ten-year minimum sentence.

On August 13, 2012, Judge Sessions sentenced Simard to 121 months' imprisonment—one month above the applicable mandatory minimum. Judgment was entered on August 15, 2012. This appeal followed.

### DISCUSSION

"We review de novo all questions of law relating to the district court's application of a federal sentence enhancement." *Beardsley*, 691 F.3d at 257. We also note that "we are free to affirm a decision on any grounds supported in the record, even if it is not one on which the trial court relied." *Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 405 (2d Cir. 2006).

### A.

Whether courts should apply the categorical approach or the modified categorical approach in deciding whether a prior conviction triggers a federal mandatory minimum sentencing enhancement has been discussed in several recent opinions by the Supreme Court and by this Court. *See Descamps v. United States*, 133 S. Ct. 2276, 2283-86 (2013); *Barker*, 2013 WL 3388381, at *2; *Beardsley*, 691 F.3d at 259. In describing the two approaches, we recently stated in *Barker* that

> [u]nder a categorical approach, courts compare the statute forming the basis of the defendant's prior conviction with the applicable generic offense in the federal sentencing statute. In contrast, under the modified categorical approach, courts may, to a limited extent in order to discover the elements of the prior conviction, consider facts underlying the prior conviction if they are based upon adequate judicial record evidence.

2013 WL 3388381, at *2 (internal quotation marks and citations omitted).

These recent cases have clarified many aspects of this area of law. As relevant here, we held in *Beardsley* (and reaffirmed in *Barker*) that "the modified categorical approach is appropriate only where a statute is divisible into qualifying and non-qualifying offenses, and not where the statute is merely worded so broadly to encompass *conduct* that might fall within . . . the definition of the federal predicate offense . . . as well as other conduct that does not." *Beardsley*, 691 F.3d at 258. In light of this holding in *Beardsley*—which the Supreme Court approved of in *Descamps*, 133 S. Ct. at 2283 & n.1—the first question raised in this appeal becomes straightforward. Indeed, because Simard pleaded guilty to violating 13 Vt. Stat. Ann. § 2602, which criminalizes a single, non-divisible offense—"willfully and lewdly commit[ing] any lewd or lascivious act upon or with the body, or any part or member thereof, of a child under the age of 16 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of such person or of such child"—the District Court should have applied the categorical approach to determine whether Simard's prior conviction triggered 18 U.S.C. § 2252(b)(2)'s sentencing enhancement.[4] *See Barker*, 2013 WL 3388381, at *4. Accordingly, the District Court erred in applying the modified categorical approach.

---

[4] We are mindful that the District Court did not have the benefit of *Descamps*, *Barker*, or *Beardsley* when it decided that Simard's prior conviction triggered 18 U.S.C. § 2252(b)(2)'s sentencing enhancement using the modified categorical approach.

**B.**

Although these recent precedents answer the first question presented in this appeal, the second question presented—whether 18 U.S.C. § 2252(b)(2)'s sentencing enhancement applies—requires some additional analysis. As noted, the District Court held that 13 Vt. Stat. Ann. § 2602 did not trigger the mandatory ten-year minimum sentence under the categorical approach, and Simard contends that the District Court's conclusion in that regard was correct. The government argues, however, that, even under the categorical approach, a prior conviction for lewd or lascivious conduct with a child, pursuant to 13 Vt. Stat. Ann. § 2602, triggers 18 U.S.C. § 2252(b)(2)'s sentencing enhancement.

As we discussed in *Barker*, this inquiry—under the categorical approach—requires us to "consider [the defendant's state] offense generically, that is to say, . . . [to] examine it in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion. . . . We then consider whether [the defendant]'s state conviction meets the elements of the applicable generic offense in section 2252(b)(2)." *Barker*, 2013 WL 3388381, at *4 (internal quotation marks and citations omitted). In other words, we must determine whether, by its elements, 13 Vt. Stat. Ann. § 2602 "satisfies the predicate-offense criteria in section 2252(b)(2) because it is a law dealing with sexual misconduct involving a minor, defined generically as misuse or maltreatment of a minor for a purpose associated with sexual

gratification." *Barker*, 2013 WL 3388381, at *7 (internal quotation marks, citations, and brackets omitted).

In deciding that Simard's prior conviction was not a "predicate offense" under the categorical approach, the District Court appears to have been concerned that 13 Vt. Stat. Ann. § 2602 might criminalize conduct that "is not necessarily abusive." *Simard*, 2011 WL 3862300, at *4 (internal quotations marks omitted). Indeed, relying on the Seventh Circuit's decision in *United States v. Osborne*, 551 F.3d 718 (7th Cir. 2009), the District Court stated its view that 13 Vt. Stat. Ann. § 2602 would criminalize "'exploratory touching between students in high school,'" *Simard*, 2011 WL 3862300, at *5 (quoting *Osborne*, 551 F.3d at 720), and therefore concluded that the state statute did not "categorically 'relat[e] to . . . abusive sexual conduct involving a minor or ward.'" *Id.* at *5 (quoting 18 U.S.C. § 2252(b)(2)); *see also Osborne*, 551 F.3d at 719 (vacating a district court's imposition of the § 2252(b)(1) sentencing enhancement where the state statute at issue criminalized "perform[ing] or submit[ing] to any fondling or touching, of either the child [any person age 14 or 15] or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person" because nothing suggested that the conduct was necessarily "abusive").

The Vermont Supreme Court's authoritative interpretation of 13 Vt. Stat. Ann. § 2602, however, makes clear that this Vermont statute would not criminalize "exploratory touching between students in high school," *Simard*, 2011 WL 3862300, at *5. Indeed,

"[i]n determining what constitutes lewd or lascivious conduct," the Vermont Supreme Court "has deferred to common-sense community standards." *In re P.M.*, 156 Vt. 303, 308 (1991); *see State v. Squiers*, 179 Vt. 388, 393 (2006) (noting that whether an act is lewd "depends on the nature and quality of the contact, judged by community standards of morality and decency in light of all the surrounding circumstances, accompanied by the requisite, specific lewd intent on the part of the defendant"). Thus, in order for conduct to come under § 2602's proscription, it must run counter to § 2602's purpose of "protect[ing] children from sexual exploitation by any form of physical contact initiated for that purpose." *See Squiers*, 179 Vt. at 393. This inquiry into whether an act is "lewd" is also informed, at least in part, by "the relationship of the parties, and any coercion, bribery, or deceit used to obtain the victim's cooperation or avoid detection." *Id.* at 394 (citation omitted). In other words, § 2602 does not criminalize non-abusive "exploratory" touching. Rather, it targets exploitation and coercion, or the "misuse or maltreatment of a minor for a purpose associated with sexual gratification," which is how we have previously defined "abusive sexual conduct involving a minor," *Barker*, 2013 WL 3388381, at *8.

Finally, although we are mindful that, under Vermont law, "lewd and lascivious conduct does not necessarily require physical contact between the perpetrator and victim," *State v. Wiley*, 181 Vt. 300, 305 (2007), we are not persuaded that physical contact is required to make an act sexually abusive, *see, e.g., United States v. Sonnenberg*, 556 F.3d 667, 671 (8th Cir. 2009)

("[T]he phrase sexual abuse of a minor means a perpetrator's physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification." (internal quotation marks omitted)); *United States v. Diaz-Ibarra*, 522 F.3d 343, 350 (4th Cir. 2008); *United States v. Padilla-Reyes*, 247 F.3d 1158, 1163 (11th Cir. 2001) ("The conclusion that 'sexual abuse of a minor' is not limited to physical abuse also recognizes an invidious aspect of the offense: that the act, which may or may not involve physical contact by the perpetrator, usually results in psychological injury for the victim, regardless of whether any physical injury was incurred.").

Accordingly, after reviewing how the Vermont Supreme Court has construed and interpreted the various elements of 13 Vt. Stat. Ann. § 2602, we conclude that that state statute does not criminalize non-abusive conduct. Instead, these precedents of the Vermont Supreme Court make clear that only certain conduct—conduct that, in our view, rises to the level of being "abusive"—would violate 13 Vt. Stat. Ann. § 2602. Accordingly, Vermont's lewd or lascivious conduct with a child statute criminalizes acts that relate to sexually abusive conduct involving a minor. *See Barker*, 2013 WL 3388381, at *4, 7.

Our conclusion is reinforced by the fact that two of our sister Circuits have held in precedential opinions that virtually identical state statutes trigger the same or similar sentencing enhancements. *See Sonnenberg*, 556 F.3d at 671 ("By the terms of the statute, Sonnenberg either physically or nonphysically misused or

maltreated a minor with the intent to seek libidinal gratification. We hold that a conviction for lascivious acts with children in violation of section 725.2 of the 1966 Code of Iowa categorically qualifies to enhance Sonnenberg's sentence."); *United States v. Hubbard*, 480 F.3d 341, 345-50 (5th Cir. 2007) (similar).[5] Additionally, the Fourth Circuit has reached the same result in a non-precedential summary order. *United States v. Gilbert*, 425 F. App'x 212, 215-16 (4th Cir. 2011) (non-precedential summary order) (applying the § 2252(b)(2) enhancement where the previous conviction was for "[w]illfully commit[ting] or attempt[ing] to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years").[6]

---

[5] Although the Seventh Circuit reached the opposite conclusion in *Osborne*, we note that the Seventh Circuit's reasoning in that case depended on the fact that it held that "sexual behavior is 'abusive' only if it is similar to one of the crimes denominated as a form of 'abuse' elsewhere in Title 18." 551 F.3d at 721. We rejected that reasoning in *Barker*. *See Barker*, 2013 WL 3388381, at *6 ("While a sentencing enhancement for a prior *federal* offense under section 2252(b)(2) requires commission of specified crimes, including convictions under chapter 109A, a defendant with a prior *state* conviction need only have been convicted of a state offense *relating to* sexual abuse involving a minor or ward. In the context of sentencing enhancements, "relating to" has been broadly interpreted to apply not simply to state offenses that are equivalent to sexual abuse, but rather to any state offense that stands in some relation to, bears upon, or is associated with the generic offense." (internal quotation marks, citations, and alterations omitted)).

[6] We observe that the state statutes at issue in *Sonnenberg, Hubbard,* and *Gilbert* contained provisions requiring an age disparity between the perpetrator and the victim, but we think that this difference between the statutes in those cases and the Vermont law at issue here is immaterial, insofar as the Vermont Supreme Court has limited the application of 13 Vt. Stat. Ann. § 2602 to abusive conduct.

In sum, in light of the fact that the Vermont Supreme Court has cabined the scope of 13 Vt. Stat. Ann. § 2602 to include only acts which "relat[e] to abusive sexual conduct involving a minor or ward," 18 U.S.C. § 2252(b)(2), we hold that the District Court ultimately was correct to apply 18 U.S.C. § 2252(b)(2)'s mandatory ten-year minimum to Simard's sentence.

## CONCLUSION

To summarize, we hold that:

(1) Because 13 Vt. Stat. Ann. § 2602 is not a divisible statute, the District Court erred in applying the "modified categorical approach," and should have applied the "categorical approach" in determining whether a prior conviction under that statute triggered 18 U.S.C. § 2252(b)(2)'s sentencing enhancement; and

(2) Despite this error, the District Court's ultimate conclusion to apply 18 U.S.C.   § 2252(b)(2)'s sentencing enhancement was correct because, under the categorical approach, 13 Vt. Stat. Ann. § 2602 is a state law that "relat[es] to . . . abusive sexual conduct involving a minor or ward," 18 U.S.C. § 2252(b)(2).

For the reasons stated, we **AFFIRM** the District Court's August 15, 2012 judgment of conviction.