13-927-cv
*United States v. Defelice*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of August, two thousand fourteen.

PRESENT:

JOSÉ A. CABRANES,
DENNY CHIN,
RAYMOND J. LOHIER, JR.,
      *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

     *Appellee,*

     -v.-                                    No. 13-927-cv

ALEXANDER DEFELICE,

     *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | Bethany L. Phillips, Butler Norris & Gold, Hartford, CT. |
| **FOR APPELLEE:** | Henry K. Kopel, Sandra S. Glover, Assistant United States Attorneys *for* Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, CT. |

Appeal from the May 9, 2011 judgment and the May 11, 2011 amended judgment of the United States District Court for the District of Connecticut (Janet C. Hall, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of the District Court be **AFFIRMED**.

Defendant Alexander Defelice appeals from a May 9, 2011 judgment and a May 11, 2011 amended judgment sentencing him principally to a prison term of 120 months following a jury trial and a subsequent plea of guilty. On appeal, Defelice argues that the District Court erred when it: (1) denied him a sentencing adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1; and (2) applied a four-level enhancement for trafficking in firearms under U.S.S.G. § 2K2.1(b)(5). We assume familiarity with the factual and procedural history of the case and the issues on appeal.

In February 2010, Defelice was indicted based on allegations that he arranged and conducted illegal sales of firearms and homemade explosive grenades to a cooperating witness, a convicted felon and a member of a white supremacist group known as the Imperial Klans of America, who purported to be purchasing arms on behalf of that group. Defelice was tried, and the jury convicted on: two counts of selling firearms to a convicted felon, 18 U.S.C. § 922(d); one count of conspiring to sell firearms to a convicted felon and to sell unregistered explosive grenades, 18 U.S.C. § 371; and one count each of making and selling unregistered explosive grenades, 26 U.S.C. § 5861(f) and (e). Defelice's sole defense at trial was entrapment. Following his conviction, Defelice pled guilty to two remaining counts of felon in possession of a firearm, 18 U.S.C. § 922(g), which had been bifurcated for purposes of trial.

At sentencing on all seven counts, the District Court calculated a guidelines range of 151-188 months and imposed a below-guidelines sentence of 120 months. The District Court applied a four-level enhancement for "engag[ing] in the trafficking of firearms," U.S.S.G. § 2K2.1(b)(5), and declined to grant a two-level reduction for acceptance of responsibility under U.S.S.G § 3E1.1. Defelice objected to both decisions at sentencing.

## DISCUSSION

On appeal, we review sentences for "reasonableness," which is akin to review for "abuse of discretion." *United States v. Chu*, 714 F.3d 742, 746 (2d Cir. 2013); *see also United States v. Leslie*, 658 F.3d 140, 142 (2d Cir. 2011) (explaining that, in reviewing a sentence for reasonableness, "we consider whether the sentencing judge exceeded the bounds of allowable discretion, committed an error of law in the course of exercising its discretion, or made a clearly erroneous finding of fact" (internal quotation marks omitted)).

A defendant who elects to proceed to trial on an entrapment defense is rarely entitled to a reduction for acceptance of responsibility. *See United States v. Taylor*, 475 F.3d 65, 69 (2d Cir. 2007); *see also* U.S.S.G. § 3E1.1, cmt. 2 (noting that there are "rare situations" in which a defendant may

2

"clearly demonstrate an acceptance of responsibility . . . even though he exercises his constitutional right to a trial"). In the absence of any indication that Defelice was particularly remorseful or provided significant post-trial assistance to the government, the District Court was well within its discretion in concluding that this was not one of those "rare circumstances" in which the reduction should be granted. *See* App'x 109.

The four-level sentencing enhancement for "engag[ing] in trafficking of firearms" is appropriate, *inter alia*, where the defendant "transferred, or otherwise disposed of two or more firearms to another individual" with the knowledge, or with reason to know, that either: (1) the individual's "possession or receipt of the firearm would be unlawful;" or (2) the individual "intended to use or dispose of the firearm unlawfully." U.S.S.G. § 2K2.1(b)(5), cmt. 13. Although the District Court relied on the first basis, we can affirm if we find that either ground was supported by the record. *See United States v. Simard*, 731 F.3d 156, 161 (2d Cir. 2013) ("[W]e are free to affirm a decision on any grounds supported in the record, even if it is not one on which the trial court relied."). The record reveals that Defelice: (1) was concerned with the weapons being untraceable as a general matter, and to him in particular; (2) knew that the weapons were going to a white supremacist group, which he likened to the Hells Angels; and (3) proposed selling the cooperating witness weapons that could be used to "take out a f-king car, a f-king house" and could not be sold legally. Appellees' Br. at 51-52. In the circumstances presented, the District Court could have appropriately concluded that Defelice knew or should have known that the recipient of the firearms "intended to use or dispose of [them] unlawfully." Accordingly, application of the four-level enhancement was appropriate.

## CONCLUSION

We have considered all of Defelice's arguments and find them to be without merit. For the reasons set out above we **AFFIRM** the May 9, 2011 judgment and the May 11, 2011 amended judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

3