[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10599
Non-Argument Calendar
_____

D.C. Docket No. 3:15-cr-00027-MCR-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAMUEL J. JOHNSON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(February 27, 2017)

Before TJOFLAT, WILLIAM PRYOR, and MARTIN, Circuit Judges.

PER CURIAM:

Samuel Joseph Johnson pleaded guilty to production of child pornography, receipt of child pornography, transfer of obscene materials to a minor, and penalties for registered sex offenders.  He was sentenced to 480-months imprisonment in part because his sentence was enhanced under 18 U.S.C. §§ 2251(e) and 2252A(b)(1).  On appeal, he argues his plea was not knowing, intelligent, and voluntary because the district court plainly erred in failing to inform him that if he rejected the plea deal, those two enhancements would have to be submitted to a jury and proven beyond a reasonable doubt.  He also says the district court plainly erred in ruling that his prior Florida conviction for lewd and lascivious molestation triggered those two sentencing enhancements.  After careful review, we affirm.

## I.

On May 5, 2015, Johnson was indicted for production of child pornography in violation of 18 U.S.C. §§ 2251(a), (e), and 3559(e) (Count One); receipt of child pornography in violation of § 2252A(a)(2), (b)(1) (Count Two); possession of child pornography in violation of § 2252A(a)(5)(B), (b)(2) (Count Three); transfer of obscene matter to a minor in violation of § 1470 (Count Four); and penalties for registered sex offenders in violation of § 2260A (Count Five).  Johnson agreed to plead guilty to Counts One, Two, Four, and Five.  His plea agreement said the minimum and maximum sentence for Count One was 15 to 30 years, or if his prior

2

Florida conviction for lewd or lascivious molestation under Fla. Stat. § 800.04(5) (2002)[1] triggered a sentencing enhancement under § 2251(e), then 25 to 50 years. The plea agreement also set out that the minimum and maximum sentence for Count Two was 5 to 20 years, or if the same Florida conviction triggered a sentencing enhancement under § 2252A(b)(1), then 15 to 40 years.  The agreement provided that the sentencing would be left to the judge, but that the parties reserved the right to appeal the sentence.

At Johnson's plea hearing, the district court told him Counts One and Two carried mandatory minimum sentences that would be enhanced if he had a qualifying prior conviction.  The court said it would determine his sentences, that §§ 2251(e) and 2252A(b)(1) would control his sentence, and that it had not yet determined whether the enhancements under those provisions would apply.  The court then told Johnson no one would be able to determine his actual sentence until the sentencing hearing because the court needed more information to resolve the question of whether Johnson's prior Florida conviction for lewd and lascivious molestation triggered those sentencing enhancements.  Johnson said he understood each of these points and pleaded guilty to Counts One, Two, Four, and Five.  The court accepted Johnson's plea.

---

[1] Johnson was convicted under the 2002 version of Fla. Stat. § 800.04.  For the remainder of this opinion, every reference to § 800.04 is to the 2002 version, and not the current version.

3

The presentence investigation report ("PSR") found that Johnson qualified for sentence enhancements under both §§ 2251(e) and 2252A(b)(1) because of his prior lewd and lascivious molestation conviction.  Based on a total offense level of 39 and a criminal history category of V, it calculated a guideline imprisonment range of 360 months to life.  Johnson objected to the PSR.  He argued that the Shepard documents related to his conviction for lewd and lascivious molestation did not support the two sentencing enhancements.

At sentencing, Johnson argued his prior conviction did not trigger either of the enhancements because the Florida statute under which he was convicted criminalized touching over the clothing and on the buttocks.  Thus, he asserted, §§ 2251(e) and 2252A(b)(1) were not broad enough to encompass every act criminalized by the Florida statute.  The district court noted that the Eleventh Circuit had upheld the application of the enhancement even in cases involving no physical touching.  It also said "abusive sexual contact" as defined in 18 U.S.C. §§ 2243 and 2244 would cover the elements of the Florida statute.  The court then overruled Johnson's objection to his sentence being enhanced under §§ 2251(e) and 2252A(b)(1).  The court imposed a 360-month sentence on Counts One and Two, to run concurrently, a 120-month sentence on Count Four, to run concurrently, and a 120-month sentence on Count Five, to run consecutively, for a total of 480-months imprisonment.

4

II.

Johnson makes two arguments on appeal. First, he says his plea was not knowing, intelligent, and voluntary under Federal Rule of Criminal Procedure 11 because the district court failed to inform him of the nature of the charges against him. Specifically, he argues the district court failed to inform him that if he rejected the plea deal and went to trial, a jury would be required to find that his prior Florida conviction for lewd and lascivious molestation qualified him for enhanced sentences under §§ 2251(e) and 2252A(b)(1). Johnson acknowledges that the mere fact of his prior conviction need not be submitted to the jury, even if it increases his sentence. However, he argues that whether his prior conviction triggers sentence enhancements under §§ 2251(e) and 2252A(b)(1) is a question of fact that must be decided by a jury.

Johnson did not make this objection below, so we review it for plain error. United States v. Moriarty, 429 F.3d 1012, 1018–19 (11th Cir. 2005) (per curiam). "To establish plain error, [Johnson] must show there is (1) error, (2) that is plain, and (3) that affects substantial rights." Id. at 1019. To comply with Rule 11, a court must "ensur[e] that a defendant (1) enters his guilty plea free from coercion,

5

(2) understands the nature of the charges, and (3) understands the consequences of his plea." Id.

Johnson correctly recognizes that a judge can increase a defendant's sentence based on the mere fact of a prior conviction even if a jury never found that fact. See, e.g., Alleyne v. United States, 570 U.S. ___, 133 S. Ct. 2151, 2160 n.1 (2013). But beyond that, it is also true that whether a prior state conviction triggers a sentencing enhancement under a federal statute is a question of law that a judge can decide. See United States v. Gibson, 434 F.3d 1234, 1247–48 (11th Cir. 2006). There is no requirement that a jury decide whether Johnson's prior Florida conviction qualified him for sentencing enhancements under §§ 2251(e) and 2252A(b)(1). The district court did not therefore err, plainly or otherwise, by failing to inform Johnson to the contrary.

## III.

Johnson's second argument is that his prior Florida conviction for lewd and lascivious molestation does not trigger sentencing enhancements under §§ 2251(e) and 2252A(b)(1) because the Florida statute under which he was convicted, Fla. Stat. § 800.04(5), was broad enough to criminalize touching of a minor between 12 and 16 years old even if (1) the touching was over the minor's clothing and not skin-to-skin contact; (2) the touching was consensual; (3)the defendant touched body parts that were not genitalia (like the buttocks); and (4) the defendant

reasonably believed the minor had reached the age of 16. However, when Johnson objected to the sentencing enhancements in the district court, he argued only the first two points—that his conviction does not trigger either §§ 2251(e) and 2252A(b)(1) because the Florida statute criminalized touching a minor's buttocks or breasts over her clothing. Thus, as Johnson correctly concedes, we review Johnson's argument on appeal for plain error because it "is much broader in scope [compared to his argument in the district court] and includes additional arguments not raised below."

18 U.S.C. § 2251(e) says any person who violates § 2251 shall be imprisoned for at least 15, but not more than 30 years. However, if that person has a prior state conviction "relating to aggravated sexual abuse, sexual abuse, [or] abusive sexual contact involving a minor or ward," then § 2251(e) provides for a longer sentence of 25 to 50 years. Similarly, § 2252A(b)(1) sets a sentence of 5 to 20 years for anyone who violates certain paragraphs of § 2252A(a), but increases that sentence to 15 to 40 years if a person has a prior state conviction "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward."

To determine whether a defendant's prior conviction qualifies as a predicate offense for a sentencing enhancement, we apply the "categorical approach." This means we look only to the elements of the statute under which the defendant was

convicted, and not at the facts underlying the prior conviction.  See Mathis v. United States, 579 U.S. ___, 136 S. Ct. 2243, 2253 (2016); Descamps v. United States, 570 U.S. ___, 133 S. Ct. 2278, 2283 (2013).  Specifically, we compare the elements of the statute to the "generic" offenses mentioned in the federal sentencing-enhancement statute.  See generally Taylor v. United States, 495 U.S. 575, 110 S. Ct. 2143 (1990).  Here, §§ 2251(e) and 2252A(b)(1) mention "aggravated sexual abuse," "sexual abuse," "abusive sexual contact involving a minor or ward," and "abusive sexual conduct involving a minor or ward."  These generic offenses are non-traditional, and when we apply the categorical approach, we define non-traditional generic offenses in federal sentencing enhancement statutes based on the "ordinary, contemporary, and common meaning" of the statutory words.  United States v. Ramirez-Garcia, 646 F.3d 778, 783 (11th Cir. 2011) (quotation omitted).  In sum, we must determine whether the elements of Fla. Stat. § 800.04(5) "relat[e] to aggravated sexual abuse, sexual abuse, or abusive sexual contact involving a minor or ward" (§ 2251(e)), "or abusive sexual conduct involving a minor or ward" (§ 2252A(b)(1)), within the plain meaning of those words.

When applying the categorical approach, "we must presume that the conviction rested upon nothing more than the least of the acts criminalized" by Fla. Stat. § 800.04(5).  Moncrieffe v. Holder, 569 U.S. ___, 133 S. Ct. 1678, 1684

(2013) (alterations adopted and quotation omitted).  This is often referred to as the "least culpable conduct."  See Donawa v. U.S. Att'y Gen., 735 F.3d 1275, 1283 (11th Cir. 2013) (citing Moncrieffe, 133 S. Ct. at 1685).  And we must also analyze "the version of state law that the defendant was actually convicted of violating." McNeill v. United States, 563 U.S. 816, 821, 131 S. Ct. 2218, 2222 (2011).  The text of Fla. Stat. § 800.04(5) prohibits persons who are at least 18 years old from intentionally touching (in a lewd or lascivious manner) the clothing covering the breasts or buttocks of a person who is at least 12 but younger than 16 years old. Neither the victim's consent, nor the victim's misrepresentation of his or her age, nor the defendant's bona fide belief that the victim was at least 16 years old, can constitute a defense.  Fla. Stat. § 800.04(2) & (3).  Therefore, the "least culpable conduct" criminalized by Fla. Stat. § 800.04(5) at the time Johnson was convicted was: lewd and lascivious touching of a 15-year-old minor's clothing covering her breasts or buttocks; by an 18-year-old defendant; where the minor misrepresented her age to the defendant and consented to the touching; and the defendant had a bona fide belief the minor was at least 16 years old.  We must determine whether this conduct "relat[es] to" the generic crimes listed in §§ 2251(e) and 2252A(b)(1).

Eleventh Circuit precedent involving §§ 2251(e) and 2252A(b)(1) construes "involving a minor or ward" to modify not only "abusive sexual contact" (in § 2251(e))  and "abusive sexual conduct" (in § 2252A(b)(1)), but also "aggravated

9

sexual abuse" and "sexual abuse." See, e.g., United States v. Mathis, 767 F.3d 1264, 1284–85 (11th Cir. 2014) (per curiam). As a result, we have identified "sexual abuse of a minor" as one of the generic crimes mentioned in § 2251(e). Id. However, the Supreme Court's recent decision in Lockhart v. United States, 577 U.S. ___, 136 S. Ct. 958 (2016), revealed that we were wrong to interpret §§ 2251(e) and 2252A(b)(1) this way. Lockhart held that "involving a minor or ward" modifies only "abusive sexual conduct," and not "aggravated sexual abuse" or "sexual abuse" in 18 U.S.C. § 2252(b)(2), a federal sentencing enhancement statute with wording identical to § 2252A(b)(1). Id. at 961. Because Lockhart construed language identical to that we must interpret here, we must follow Lockhart, which requires us to construe "involving a minor or ward" as modifying only "abusive sexual conduct." Indeed, in United States v. Miller, 819 F.3d 1314 (11th Cir. 2016) (per curiam), we applied Lockhart to § 2251(e) and held that "involving a minor or ward" modifies only "abusive sexual contact" in that statute. Id. at 1317. Thus, Lockhart clarifies that, contrary to our precedent, "sexual abuse of a minor" is not a generic crime listed in either §§ 2251(e) or 2252A(b)(1). The only generic crimes in those statutes are "aggravated sexual abuse," "sexual abuse," and "abusive sexual contact [or conduct] involving a minor or ward."

That leaves us to define these generic crimes by their ordinary, common meaning. Ramirez-Garcia, 646 F.3d at 783. In construing "sexual abuse of a

10

minor," we surmised from dictionary definitions that "abuse" means "misuse" or "to use or treat so as to injure, hurt, or damage," and that "sexual" means "of or relating to the sphere of behavior associated with libidinal gratification." United States v. Padilla-Reyes, 247 F.3d 1158, 1163 (11th Cir. 2001) (quoting Webster's Third New International Dictionary 8, 2082 (1981)).  Among its definitions of "conduct," Webster's includes "behavior in a particular situation or relation or on a specified occasion." Webster's Third New International Dictionary 474 (1986). Black's Law Dictionary defines "conduct" as "[p]ersonal behavior; deportment; mode of action; any positive or negative act." Black's Law Dictionary 295 (6th ed. 1990).  Finally, Webster's first definition of "contact" is "union or junction of body surfaces: a touching or meeting." Webster's Third New International Dictionary 490 (1986).  From these definitions, we deduce that "sexual abuse" means misuse or maltreatment for the purpose of libidinal gratification, "abusive sexual contact involving a minor or ward" means touching a minor in a way that harms the minor for the purpose of one's libidinal gratification, and "abusive sexual conduct involving a minor or ward" means behaving in a way that harms a minor for the purpose of one's libidinal gratification.

With these definitions in mind, Johnson's case presents the question of whether the "least culpable conduct" criminalized by Fla. Stat. § 800.04(5)—that is, (1) lewd and lasciviously touching of a 15-year-old minor by an 18-year-old

11

adult; (2) over the clothing covering the minor's breasts or buttocks; (3) with the minor's consent; (4) after the minor misrepresented his or her age to the defendant; and (5) when the defendant had a good-faith belief, based on the minor's misrepresentation, that the minor was at least 16 years old—"relat[es] to" "sexual abuse" or "abusive sexual contact [or conduct] involving a minor or ward," according to their plain meanings.  Because our Circuit had no precedent governing this specific question at the time Johnson was sentenced, the district court could not have plainly erred.  See United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003).  And because the district court did not plainly err in enhancing Johnson's sentence under §§ 2251(e) and 2252A(b)(1), we affirm his sentence.

**AFFIRMED.**

MARTIN, Circuit Judge, concurring:

I concur in full with the panel's opinion.  I write separately because I read Lockhart v. United States, 136 S. Ct. 958 (2016), to teach us we should no longer define the generic crimes listed in §§ 2251(e) and 2252A(b)(1) (and other similarly-worded statutes) based on the "ordinary, contemporary, and common meaning of the statutory words."  United States v. Ramirez-Garcia, 646 F.3d 778, 783 (11th Cir. 2011) (quotation omitted).  Lockhart clarifies that the terms "aggravated sexual abuse," "sexual abuse," "abusive sexual contact involving a minor or ward," and "abusive sexual conduct involving a minor or ward" should be construed by looking to how they are defined in Chapter 109A of Title 18 of the United States Code.

The panel opinion correctly recognizes that when we apply the categorical approach to decide whether a prior conviction triggers a sentencing enhancement, our binding precedent requires us to define any non-traditional generic offenses listed in the federal sentencing enhancement statute based on their plain meaning. Ramirez-Garcia, 646 F.3d at 783.  Further, we have applied this rule to federal statutes that list generic crimes like those listed in §§ 2251(e) and 2252A(b)(1). See United States v. Mathis, 767 F.3d 1264, 1284–85 (11th Cir. 2014).  Although most of our sister circuits adhere to this same rule, see, e.g., United States v. Mateen, 806 F.3d 857, 859–63 (6th Cir. 2015); United States v. Barker, 723 F.3d

13

315, 322–25 (2d Cir. 2013) (per curiam), one notable exception is the Seventh

Circuit. That Circuit, in an opinion written by Judge Easterbrook, held that the

term "abusive" in 18 U.S.C. § 2252(b)(1) (yet another federal statute that assesses

enhancements for prior state convictions "relating to aggravated sexual abuse,

sexual abuse, or abusive sexual conduct involving a minor or ward") should be

construed in light of "the treatment that term ["abusive"] receives in Chapter 109A

of the Criminal Code (18 U.S.C. §§ 2241–48, and titled 'Sexual Abuse')." United

States v. Osborne, 551 F.3d 718, 721 (7th Cir. 2009). More to the point, the

Osborne panel said that "[g]iven the lack of a definition [of the word "abusive"] in

§ 2252, we think it best to say that, as a matter of federal law, sexual behavior is

'abusive' only if it is similar to one of the crimes denominated as a form of 'abuse'

elsewhere in Title 18." Id. Further, the Osborne panel singled out § 2241 (titled

"Aggravated sexual abuse"), § 2242 (titled "Sexual abuse"), and § 2243 (titled

"Sexual abuse of a minor or ward") because the titles of those three sections match

the "three terms that § 2252(b)(1) employs" to indicate which state crimes trigger

sentencing enhancements under § 2252(b)(1). Id. at 720.

Although the Seventh Circuit holds the minority view on this issue, Lockhart

indicates to me that their approach is right. In Lockhart, the Supreme Court

construed the phrase "aggravated sexual abuse, sexual abuse, or abusive sexual

conduct involving a minor or ward" in 18 U.S.C. § 2252(b)(2) and held that

14

"involving a minor or ward" modifies only "abusive sexual conduct," and not "aggravated sexual abuse" or "sexual abuse." 136 S. Ct. at 961.  To arrive at this conclusion, the Supreme Court (like the Seventh Circuit in Osborne) observed that the titles of §§ 2241–2243—the first three sections in Chapter 109A of Title 18— "mirror precisely the order, precisely the divisions, and nearly precisely the words used to describe the three state sexual-abuse predicate crimes in § 2252(b)(2): 'aggravated sexual abuse,' 'sexual abuse,' and 'abusive sexual conduct involving a minor or ward.'"  Id. at 964.  The Supreme Court said "[t]his similarity appears to be more than a coincidence."  Id.  Although the Court could not "state with certainty that Congress used Chapter 109A as a template for the list of state predicates" in § 2252(b)(2), it also could not "ignore the parallel."  Id.  Finally, the Supreme Court reasoned that if Congress had wanted "involving a minor or ward" to modify all the terms in the phrase, and not just "abusive sexual conduct," it would not "have followed, or thought it needed to follow, so closely the structure and language of Chapter 109A."  Id.

In short, the Lockhart holding relied in part on the similarity between the generic crimes listed in § 2252(b)(2) and the statutory crimes that make up Chapter 109A, which it thought was "more than a coincidence."  Id.  This strongly suggests that we should construe those generic crimes in light of their parallel Chapter 109A sections.  As Lockhart reasoned, if Congress had wanted the generic crimes in §

15

2252(b)(2) to be construed according to their common, ordinary meaning, and not by reference to Chapter 109A, I doubt it would "have followed, or thought it needed to follow, so closely the structure and language of Chapter 109A." Id. Thus, with regard to § 2252A(b)(1), which also contains the phrase "aggravated sexual abuse, sexual abuse, and abusive sexual conduct involving a minor or ward," I would look to § 2241 to define "aggravated sexual abuse," § 2242 to define "sexual abuse," and § 2243 to define "abusive sexual conduct involving a minor or ward." As for § 2251(e), I would use § 2244—a section in Chapter 109A titled "Abusive sexual contact"—to define "abusive sexual contact involving a minor or ward."[1]

Under this approach, Johnson's prior Florida conviction for lewd and lascivious molestation would not trigger a sentencing enhancement under either § 2251(e) or § 2252A(b)(1). Section 2243(a) defines sexual abuse of a minor as "knowingly engag[ing] in a sexual act" with a minor who is (1) at least 12 but not older than 15 years of age; and (2) at least 4 years younger than the defendant. However, touching genitalia "through the clothing" is not defined as a "sexual act" by Chapter 109A, and neither is touching other body parts (through or underneath clothing). See 18 U.S.C. § 2246(2)(D). Also, § 2243(c)(1) allows the defense that

---

[1] Although the title of § 2244 doesn't mention minors or wards, the section itself contains two subsections that specifically address abusive sexual contact with minors or wards. See 18 U.S.C. § 2244(a)(3)–(4).

16

a defendant had a reasonable belief that the victim was 16 years of age. On the other hand, Fla. Stat. § 800.04(5) (2002) criminalized touching non-genitalia body parts through clothing (which is not a "sexual act" under § 2246(2)(D)), did not require the defendant to be at least four years older than the victim, and expressly forbade good-faith belief defenses. See Fla. Stat. § 800.04(3) (2002). The elements of Fla. Stat. § 800.04(5) (2002) were therefore too much in contrast to those in § 2243 for a conviction under § 800.04(5) to "relat[e] to" "abusive sexual conduct involving a minor." See Osborne, 551 F.3d at 721 ("[A] state statute that makes it a crime for one teenager to engage in sexual contact with another, without committing a sexual act or without a four-year difference in age, is hard to classify as 'abusive' given the treatment that term receives in Chapter 109A of the Criminal Code (18 U.S.C. §§ 2241–48, and titled 'Sexual Abuse')."). By extension, a prior conviction under Fla. Stat. § 800.04(5) (2002) also doesn't "relat[e] to . . . abusive sexual contact involving a minor" as defined by § 2244 because the subsection of § 2244 that addresses minors who are at least 12 but not older than 15 years of age defines "abusive sexual contact" as contact that amounts to a "sexual act" that would violate § 2243. See § 2244(a)(3). Because Fla. Stat. § 800.04(5) (2002) criminalizes a much broader range of conduct than does § 2243, the two are not "relat[ed]."

Even though <u>Lockhart</u> strongly supports the Seventh Circuit's approach to interpreting statutes like § 2252(b)(2) (including §§ 2251(e) and 2252A(b)(1)), <u>Lockhart</u> is not so "clearly on point" that it "undermine[s]" our established practice of interpreting these statutes based on their plain meaning "to the point of abrogation." <u>United States v. Archer</u>, 531 F.3d 1347, 1352 (11th Cir. 2008). While the Supreme Court supported its conclusion in <u>Lockhart</u> by pointing to the similarity between the generic offenses in § 2252(b)(2) and the statutory crimes in Chapter 109A, its holding was not about how to construe the generic crimes of "aggravated sexual abuse," "sexual abuse," and "abusive sexual conduct involving a minor or ward" individually. It was instead about whether "involving a minor or ward" modifies only "abusive sexual conduct," and not "aggravated sexual abuse" or "sexual abuse." As a result, even if our current approach to defining those generic crimes appears to conflict with the reasoning set out in <u>Lockhart</u>, we must apply it until it is overturned by the Supreme Court or by this Court sitting en banc.