12-4988 (L)
*United States v. Annabi*

# In the

# United States Court of Appeals

## For the Second Circuit

————

AUGUST TERM 2013

Nos. 12-4988 (Lead), 12-4990 (Con)

UNITED STATES OF AMERICA,

*Appellee,*

*v.*

SANDY ANNABI AND ZEHY JEREIS,

*Defendants-Appellants.*

————

Appeal from the United States District Court
for the Southern District of New York.
No. 10-cr-7 (CM) — Colleen McMahon, *Judge.*

————

ARGUED: JANUARY 29, 2014
DECIDED: MARCH 25, 2014

————

Before: CABRANES, CARNEY and DRONEY, *Circuit Judges*.

_____

Defendant Sandy Annabi appeals from a November 19, 2012 judgment of the United States District Court for the Southern District of New York (Colleen McMahon, *Judge*) ordering forfeiture in connection with a conviction for, *inter alia*, three counts of mortgage fraud (Counts Seven, Eight, and Nine). We consider here whether the District Court erred by ordering forfeiture on Count Seven under a statute which, while applicable to Count Seven, was only charged in the indictment in connection with Counts Eight and Nine—an oversight that was not corrected by the Government or the District Court before or during sentencing.

We hold that this was error inasmuch as the uncharged forfeiture statute resulted in harsher forfeiture with respect to Count Seven than that sought in the indictment. Accordingly, we **AFFIRM** the forfeiture order on Counts Eight and Nine only, and **REMAND** the cause to the District Court with instructions to **VACATE** the forfeiture order on Count Seven, and conduct such further forfeiture proceedings as may be appropriate in the circumstances.

_____

EDWARD V. SAPONE, Edward V. Sapone, LLC, New York, NY, *for Defendant-Appellant Sandy Annabi*.

PAULA SCHWARTZ FROME, Garden City, NY, *for Defendant-Appellant Zehy Jereis*.

PERRY A. CARBONE, Assistant United States Attorney (Preet Bharara, United States Attorney for the Southern District of New York, Jason P.W. Halperin, Justin S. Weddle, Assistant United States Attorneys, *on the brief*), New York, NY, *for Appellee United States of America*.

————

JOSÉ A. CABRANES, *Circuit Judge*:

Defendant Sandy Annabi appeals from a November 19, 2012 judgment of the United States District Court for the Southern District of New York (Colleen McMahon, *Judge*) ordering forfeiture in connection with a conviction for, *inter alia*, three counts of mortgage fraud (Counts Seven, Eight, and Nine). We consider here whether the District Court erred by ordering forfeiture on Count Seven under a statute which, while applicable to Count Seven, was only charged in the indictment in connection with Counts Eight and Nine—an oversight that was not corrected by the Government or the District Court before or during sentencing.

We hold that this was error inasmuch as the uncharged forfeiture statute resulted in harsher forfeiture with respect to Count Seven than that sought in the indictment. Accordingly, we **AFFIRM** the forfeiture order on Counts Eight and Nine only, and **REMAND** the cause to the District Court with instructions to **VACATE** the forfeiture order on Count Seven, and conduct such further forfeiture proceedings as may be appropriate in the circumstances.[1]

---

[1] In a summary order entered today in this case, we affirmed the convictions of defendants Sandy Annabi and Zehy Jereis on all eleven counts charged against one or

## BACKGROUND

On March 29, 2012, a jury convicted Annabi of, *inter alia*, three counts of mortgage fraud in violation of 18 U.S.C. § 1014 (Counts Seven, Eight, and Nine). The Government sought forfeiture of the gross proceeds of the fraudulently obtained loans described in these three counts.

The Superseding Indictment (the "Indictment") sought, on all three counts, forfeiture to the United States, pursuant to the civil forfeiture provision, 18 U.S.C. § 981(a)(1)(C),[2] and 28 U.S.C. § 2461(c).[3] On Counts Eight and Nine only, the Indictment sought forfeiture pursuant to the criminal forfeiture provision, 18 U.S.C. § 982(a)(2)(A).[4] Significantly, § 981(a)(2)(C) of the civil forfeiture provision requires a deduction from forfeiture of any portion of the

---

both of them, and affirmed the District Court's order of forfeiture with respect to Counts One through Six.

[2] 18 U.S.C. § 981(a)(1)(C) provides for forfeiture to the United States of "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to a violation of section [1014] of this title . . . ." In such cases, proceeds must include "a deduction from the forfeiture to the extent that the loan was repaid . . . without any financial loss to the victim." *Id.* § 981(a)(2)(C).

[3] 28 U.S.C. § 2461(c) provides: "If a person is charged in a criminal case with a violation of an Act of Congress for which the civil or criminal forfeiture of property is authorized, the Government may include notice of the forfeiture in the indictment or information pursuant to the Federal Rules of Criminal Procedure."

[4] 18 U.S.C. § 982(a)(2)(A) provides, in relevant part: "The court, in imposing sentence on a person convicted of a violation of . . . section [1014] of this title, affecting a financial institution . . . shall order that the person forfeit to the United States any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation."

fraudulent loan that was repaid at no loss to the victim, whereas the criminal forfeiture provision, § 982(a)(2)(A), requires forfeiture of the entire amount of the fraudulent loan, regardless of whether it was repaid. *United States v. Peters*, 732 F.3d 93, 100-01 & n.2 (2d Cir. 2013).

At sentencing, the District Court ordered Annabi to forfeit $1,060,800 in connection with the three mortgage fraud counts based on the full amount of the loans fraudulently obtained, without regard to any portions of the loans that had been repaid: $480,700 for the Patton Drive house (Count Seven); $522,500 for the Bacon Place house (Count Eight); and $57,600 for the Rumsey Road apartment (Count Nine). The District Court did not specify whether it was ordering forfeiture under the civil or criminal forfeiture provision for each of the various counts.

## DISCUSSION

Annabi argues on appeal that the forfeiture order was excessive inasmuch as she had already satisfied her obligations in their entirety for the Patton Drive house (Count Seven) and the Rumsey Road apartment (Count Nine), resulting in no loss to the banks, and inasmuch as the anticipated loss to the banks on the Bacon Place house (Count Eight) was only $164,460.68.

On appeal from a forfeiture order, we review the district court's legal conclusions *de novo* and its factual findings for clear error. *United States v. Treacy*, 639 F.3d 32, 47 (2d Cir. 2011).

## A. Counts Eight and Nine

We recently confirmed that § 982(a) of the criminal forfeiture statute does not permit a defendant to offset loan proceeds that have been repaid. *See Peters*, 732 F.3d at 102 (gross receipts, rather than profits, are the proper measure of criminal forfeiture); *see also United States v. Newman*, 659 F.3d 1235, 1244 (9th Cir. 2011) ("For purposes of criminal forfeiture, the 'proceeds' of a fraudulently obtained loan equal the amount of the loan."). The District Court did not, therefore, err by ordering forfeiture of the full amount of the loans fraudulently obtained in connection with Counts Eight and Nine, totaling $580,100, without regard to whether Annabi repaid any portion of those loans.

## B.  Count Seven

Although § 982(a)(2)(A) also could have applied to Count Seven, the Indictment sought forfeiture on this Count only pursuant to civil forfeiture provision 18 U.S.C. § 981(a)(1)(C), which permits "a deduction from the forfeiture to the extent that the loan was repaid, or the debt was satisfied, without any financial loss to the victim." *Id.* § 981(a)(2)(C).

Federal Rule of Criminal Procedure 32.2(a) states: "A court must not enter a judgment of forfeiture in a criminal proceeding unless the indictment . . . contains notice to the defendant that the government will seek the forfeiture of property as part of any sentence *in accordance with the applicable statute*." (emphasis supplied). Pursuant to this Rule, a criminal defendant has the right

to know not only that forfeiture is being sought, but also the statutory basis for forfeiture.

With respect to Count Seven, the Government failed to state the criminal forfeiture provision in the Indictment, and did not correct this oversight prior to or during sentencing. At sentencing, the District Court did not specify that it was ordering forfeiture pursuant to the criminal forfeiture provision, but it nonetheless required Annabi to forfeit the full amount of the loan fraudulently obtained on the Patton Drive house, despite the fact that the loan had been repaid in full. Such forfeiture is permissible only under § 982(a)(2)(A), *see* note 4 *ante*, as "a form of punishment, separate and apart from any restitutive measures imposed during sentencing," *Peters*, 732 F.3d at 98.[5]

We hold that where the Government fails to invoke an applicable forfeiture provision in the indictment, and fails to correct that error prior to entry of a final judgment, forfeiture must be limited to that authorized by the statute cited as the basis for

---

[5] The Government relies on *United States v. Silvious*, 512 F.3d 364 (7th Cir. 2008), for the proposition that failure to state the correct forfeiture provision in an indictment is harmless where the defendant has notice that forfeiture is sought. The circumstances of that case are readily distinguishable. The defendant in *Silvious* had objected to a preliminary forfeiture order that relied on statutes not listed in the indictment, where the statute listed in the indictment was inapplicable to the circumstances presented. *Id.* at 369. Prior to the forfeiture hearing, the Government conceded that the statute charged was inapplicable, but argued that forfeiture was still appropriate under a different statute. *Id.* The Seventh Circuit affirmed the order of forfeiture, holding that the defendant had adequate notice of the corrected forfeiture statute, and that the forfeiture "was not broadened in any way by the substitution of the proper statute." *Id.* In the instant case, by contrast, Annabi did not receive notice until appellate proceedings that the Government intended to rely upon the harsher criminal forfeiture provision.

forfeiture, and of which the defendant had notice.[6] Accordingly, Annabi's forfeiture on Count Seven is limited to that authorized by § 981(a)(1)(c), which, by its express terms, entitles her to offset the amount of the loan on the Patton Drive house that she repaid at no loss to the bank.

## CONCLUSION

To summarize:

(1)    Forfeiture is limited to that authorized by the statute listed in the indictment, even if greater forfeiture would have been authorized by a different statute, where the Government fails to invoke the harsher forfeiture provision prior to or during sentencing.

(2)    28 U.S.C. § 982(a) authorizes forfeiture of the full amount of the loans fraudulently obtained in Counts Eight and Nine, without an offset for any portion of the loan that has been repaid.

(3)    28 U.S.C. § 981(a)(1)(c), the only forfeiture provision charged on Count Seven, permits an offset for that portion of the loan that was repaid with no loss to the victim.

Accordingly, we **AFFIRM** the forfeiture order on Counts Eight and Nine, and **REMAND** the cause to the District Court with instructions to **VACATE** the forfeiture order on Count Seven, and

---

[6] We do not address whether, prior to entry of the final forfeiture order, the Government could have substituted the criminal forfeiture provision as the basis for forfeiture on Count Seven. Nor do we opine on the fact pattern set forth in *Silvious*, note 5 *ante*, where the scope of forfeiture under the substituted provision was no greater than the provision mistakenly cited in the Indictment. Those are not the facts before us.

conduct such further forfeiture proceedings as may be appropriate in the circumstances.[7]

---

[7] In the interest of judicial economy, any appeal from a subsequent District Court Order, on remand or otherwise, shall be assigned to this panel upon the filing of a letter request with the Clerk of the Court of Appeals within 21 days of the entry of the District Court Order being appealed.